The People, etc., v. Alonzo Colton.

| 2 | 457 |
| 4 | 126 |
| 4 | 130 |
| 4 | 146 |
| 7* | 371 |
| 7* | 373 |
| 7* | 384 |

| 2 | 457 |
| 22 | 254 |
| 22 | 255 |

## THE PEOPLE, ETC., RESPONDENTS, v. ALONZO COLTON, APPELLANT.

1. INDICTMENT FOR LASCIVIOUS COHABITATION.—The statute punishing lascivious cohabitation provided, "That if any man and woman, not being married to each other, lewdly and lasciviously associate and cohabit together," etc., and the indictment charged "that defendant and one J. L. did unlawfully, openly and publicly, live, dwell and cohabit together in lewdness and laciviousness, they being unmarried to and with each other," etc. *Held*, on appeal, That the indictment was sufficiently certain, and that it was not necessary that the precise words of the statute should be employed.

2. OMISSION OF WORD "FELONIOUSLY."—Where an offense is so defined by statute that a felonious intent constitutes no part of the crime, it is not necessary that the indictment should charge the act as having been done "*feloniously.*"

3. EXCEPTIONS AND NEGATIVES IN STATUTES.—Under the statute of Utah, punishing lascivious cohabitation, the negative averment that the parties "were not married to each other," should be alleged in the indictment, as it constituted a part of the description of the offense. In such case, however, where the subject of the negative averment relates to the defendant personally, and is peculiarly within his knowledge, such negative need not be proven by the prosecution, but is a matter of defense by the defendant.

Appeal from the Second Judicial District.

No brief or transcript on file with the reporter.

EMERSON, J., delivered the opinion of the court:

The first point made by the appellant is that the indictment is insufficient, in not charging the offense in the language of the statute. It charges with sufficient allegation as to time and place, that the defendant and one Janet Lowery, did "unlawfully, openly, and publicly, live, dwell and cohabit together, in lewdness and lasciviousness, they being unmarried to and with each other."

The language of the statute is: "If any man or [and]

woman, not being married to each other, lewdly and lasciviously associate and cohabit together," etc.

Although the indictment was for a statutory offense, it was not necessary that the precise words of the statute should be employed, if enough of its substantial words are used to enable the court to see upon what statute it is framed; beyond this the words of the statute, or their equivalents in meaning, may be used. "When the indictment substantially follows the statute, so as to put the prisoner upon fair notice of the offense charged, and the time, place and circumstances necessary to constitute the crime, it will be sufficient." (*People* v. *Thompson*, 4 Cal. 238.) The indictment in question clearly does this, although the exact words of the statute are not used. The variance cannot create any doubt in the operation or construction of the law. There is no variance in the sense. And more than this, the objection comes too late after conviction and sentence. As has already been said, the indictment is good if it contain the substance of the offense, so that the defendant have intelligible notice of the charge against him. All defects beyond this are settled by the verdict and sentence. 3 Parker's Cr. R. 215, and cases cited.

This virtually disposes of the second point made by the appellant, viz.: That the indictment does not charge that the alleged acts were done "feloniously."

We are of the opinion, however, that under this statute it is not necessary to state in the indictment that the alleged acts were done feloniously. A felonious intent constituted no part of the crime, that being complete without it. The statute sets out the acts which constitute the offense, and then declares the punishment shall be by fine and imprisonment, the punishment prescribed making the offense a felony. The felonious intent is no part of the description, as the offense is complete without it. *United States* v. *Staats*, 8 How. 41.

Another point made by the appellant is that the evidence was insufficient to support the verdict.

At the trial evidence was admitted, without objection from

the defendant, of his admissions of a marriage with one Emma Colton previous to the acts charged, with proof that she was still living and undivorced, and also without objection of the cohabitation and reputation of these parties, as man and wife.

The testimony having been received at the trial without objection, under the point now made by the defendant it becomes a question as to the sufficiency, and not to the competency, of the evidence.

We think this objection untenable.

The indictment is on the first clause of the section, the parties, in the language of the statute, not being married to each other. It does not charge them with any "open and gross lewdness," other than that of associating and cohabiting together, not being married to each other.

It was necessary that this negative averment should be in the indictment, as it constituted a part of the description of the offense.

It is questionable, however, if the prosecution were under any obligation to furnish any evidence, in making out their case, in support of this negative averment. The subject of it relates to the defendant personally, and was peculiarly within his knowledge, in such cases the negative is not to be proved by the prosecution, but, on the contrary, the affirmative must be proven by the defendant, as matter of defense. Am. Cr. Law, § 614.

If the defendant was not married to the person charged with him, he is equally guilty, whether he was or was not married to some other person. There is no pretence that the parties charged were married to each other. The marriage sought to be proved by this evidence was not the foundation of the charge. It was intended to rebut the presumption of innocence as to the character of the relation between the parties charged in the indictment.

Even should it be thought necessary for the prosecution to offer some evidence in support of this averment, without stopping to inquire, what, in the absence of any statute in

this Territory upon the subject of marriage, shall constitute proof of a marriage in fact, we are of opinion that the proof of the admission of the defendant of his marriage with Emma Colton, supplemented as it was by proof of their cohabitation and reputation as man and wife, was sufficient to rebut the presumption of an innocent relation between the defendant and Janet Lowery.

We are of the opinion that the evidence in the case, admitted as it was, without objection and uncontradicted, warranted the jury in finding the defendant guilty of the offense as charged.

The charge to the jury was not excepted to by the defendant.

Instructions not excepted to at the time they were given, will not be noticed in this court.

SCHAEFFER, C. J., and BOREMAN, J., concur.