## THE STATE OF UTAH, RESPONDENT *v.* JOHN H. WILLIAMSON, APPELLANT.[1]

CRIMINAL PLEADING — INFORMATION — WHEN SEX NEED NOT BE ALLEGED. INFORMATION CHARGING RAPE—NEED NOT NEGATIVE MARITAL RELATION. PLEADING—LANGUAGE OF STATUTE. OFFENSE PURELY STATUTORY—INFORMATION IN LANGUAGE OF STATUTE SUFFICIENT. OFFENSE DEFINED BY STATUTE—EXCEPTION IN ENACTING CLAUSE—HOW OFFENSE PLEADED. INSTRUCTIONS — CORRECT AS A WHOLE—PART SUBJECT TO CRITICISM — NOT REVERSIBLE ERROR. REASONABLE DOUBT—DEFINED. INFORMATION UNDER SEC. 4221 R. S. 1898—EVIDENCE — WHAT INADMISSIBLE.

*Criminal Pleading—Information—When Sex Need not be Alleged.*
    In a criminal prosecution, where the offense charged is such as only a male person could consummate, the information need not specify the sex of the defendant.[2]

*Information Charging Rape — Need not Negative Marital Relation.*
    In a prosecution for rape, it is not necessary, under our statute, to show in the information that the person ravished was not the wife of the defendant.

---

[1] See *People* v. *Colton*, 2 Utah, 459; *People* v. *Fairbanks*, 7 Utah, 3; *State* v. *McDonald*, 14 Utah, 173.
[2] *U. S.* v. *Cannon*, 4 Utah, 122.

*Pleading—Language of Statute.*

An information should, in all cases, employ so many of the substantial words of the statute as will enable the court to see on what statute it is founded, and all other words which are essential to a complete description of the offense, or such words which are equivalent to those used in the statute, provided they include the full signification of the statutory words, but not otherwise.

*Offense Purely Statutory—Information in Language of Statute Sufficient.*

Where an offense charged is purely statutory, as a general rule, it is sufficient in the information to charge the defendant with acts coming fully within the statutory description, in the substantial language of the statute.

*Offense Defined by Statute — Exception in enacting Clause — How Offense Pleaded.*

Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense, that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the accused is not within the exception.

*Instructions—Correct as a Whole—Part Subject to Criticism—Not Reversible Error.*

Where the charge of the trial court on a particular subject as a whole is correct, the fact that a portion of such charge is open to slight criticism will not warrant reversal.

*Reasonable Doubt—Defined.*

"A reasonable doubt is not a mere imaginary, captious, or possible doubt, but a fair doubt, based upon reason and common sense, and growing out of the testimony in the case. It is such a doubt as will leave the juror's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction, to a moral cer tainty, of the defendant's guilt." [1]

---

[1] *State* v. *McCune*, 16 Utah, 170.

*Information—Under Sec. 4221 R. S. 1898—Evidence—What Inad-
    missible.*

> On trial of an information charging an offense under Sec. 4221
> R. S. 1898, evidence tending to show a want of chastity in
> the prosecutrix is inadmissible.[1]

(Opinion on rehearing.)

(Decided July 10, 1900.)

Appeal from the Fifth District Court Beaver County.
Hon. E. V. Higgins, *Judge.*

Defendant was charged by the information with the
statutory crime defined by Section 4221 R. S. 1898.
From a verdict of guilty and the judgment and sentence
entered thereon defendant appealed.  *Affirmed.*

*W. F. Knox, Esq.*, for appellant.

*Hon. A. C. Bishop, Atty. Gen'l*, for the State.

MINER, J.

The defendant was charged by information with the
crime defined by Sec. 4221 R. S. 1898, which is as fol-
lows:

"Any person who shall carnally and unlawfully know
any female over the age of thirteen years and under the
age of eighteen years, shall be guilty of a felony."

The terms in which the crime is alleged in the informa-
tion are as follows:  "That John H. Williamson, in and
upon one Belle Anderson, a female under the age of
eighteen years, and over the age of thirteen years, to-wit,
the age of fifteen years, feloniously did make an assault,
and her the said Belle Anderson, then and there did
carnally and unlawfully know, contrary to the form of

---

[1] *State v. Hilberg*, 22 Utah, 27; 61 Pacific 215.

the statute in such case made and provided, and against the peace and dignity of the State of Utah."

A demurrer was filed to the information, and one of the grounds stated is that the information "does not state facts sufficient to constitute a crime." The demurrer was overruled by the trial court, and this is assigned as error.

One of the reasons urged by counsel for the defendant why the information fails to charge a crime against the defendant is that it fails to state that the said Belle Anderson was not at the time of the alleged intercourse the wife of the defendant.

Sec. 4221 makes it a felony for any person to carnally and unlawfully know any female over the age of thirteen years and under the age of eighteen years.

Sec. 4730 provides that the information shall contain a statement of the acts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.

Sec. 4732 requires the information to be direct and certain as regards the party charged, the offense charged, and the particular circumstances of the offense when they are necessary to constitute a complete offense.

The word "male" does not appear in the statute, yet it is well known that no one but a male person could be indicted for the specific offense of rape, and the court would construe the statute to mean that a male person, only, could consummate the offense named therein. The information in such a case need not specify the sex of the defendant. *U. S.* v. *Cannon*, 4 Utah, 122.

In a prosecution for rape it is not necessary under our statute to show in the information that the person ravished was not the wife of the defendant. The statute contains no provision or exception requiring it. *Commonwealth*

v. *Fogarty*, 8 Gray, 489; *State* v. *White*, 25 Pac. 33; *State* v. *Halbert*, 44 Pac. 538; *State* v. *Williams*, 23 Pac. 335.

In the former case it was held that in a case of rape it was not necessary to allege in the information that the prosecutrix was not the wife of the defendant.

Such an averment has never been required to be inserted in an indictment for rape, either in this country or in England. The party indicted, however, may show in his defense that the alleged act was committed with his wife.

It will be seen that our statute, with reference to this offense, contains no exception in the enacting clause. In such cases says Bishop, "Where a statute defines the offense which it creates, it is ordinarily adequate, while nothing less will in any instance suffice, to charge the defendant with all the acts within the statutory definition, substantially in the words of the statute, without further expansion." 1 Bish. Crim. Proc. Sec. 611.

The indictment should, in all cases, employ so many of the substantial words of the statute as will enable the court to see on what statute it is founded, and all other words which are essential to a complete description of the offense, or such words which are equivalent, or more than equivalent to those used in the statute, provided they include the full signification of the statutory words, but not otherwise.

In *U. S.* v. *Cook*, 17 Wall. 168, it is said: "Where a statute defining an offense contains an exception, in the enacting clause of the statute, which is so incorporated with the language defining the offense, that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, an indictment founded upon the statute must allege enough to show that the

accused is not within the exception. But if the language of the section defining the offense is so entirely separable from the exception, that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the indictment may omit any such reference. The matter contained in the exception is matter of defense, and to be shown by the accused."

It is also held that no allegation of unlawfulness, nor being against the statute, nor in collusion, will make good the indictment, if it does not bring the acts prohibited or commanded, in the doing or not doing of which, the offense consists, within the material words of the statute.

So if the statute prohibits the doing of a particular act without the authority of either one or two things, the indictment should negative the existence of both those before it can be sufficient. If the exception is stated in the enacting clause of the statute it is ordinarily necessary to negative it in order that the description of the crime may correspond with the statute, as, if a statute imposes a penalty for the sale of spirituous liquors without a license, the indictment should aver the want of a license. Archibald's Crim. Law, Sec. 379; *State* v. *McDonald,* 14 Utah, 173.

In the case of the *People* v. *Fairbanks,* 7 Utah, 3, the territorial court held, that under Sec. 4488, C. L. U. 1888, providing that every person who with intent to do bodily harm, and without just cause or excuse, etc., commits an assault, etc., the indictment must negative the clause "just cause or excuse." In the syllabi, and at the foot of the opinion in the case of *State* v. *McDonald, supra,* the reporter erroneously states that the former case was overruled. This is incorrect. The case was not overruled by the latter decision. The statutes under which each of these two cases were brought were not at all identical.

The case of the *State* v. *McDonald* was brought under Section 4471, C. L. U. 1888, providing "that every person who assaults another with intent to murder, is punishable," etc. The indictment charged the defendant with the crime of assault with intent to commit murder, describing the offense, without alleging that the assault was committed without "just cause or excuse," or that it was committed with malice aforethought, and the court held the information good. The charge was in the substantial language of the statute creating the defense. The court held that "murder means the killing with malice aforethought," and that killing "with malice aforethought means murder; that the definition of murder excludes the idea of any just cause or excuse for the killing, or any provocation, however great, to justify it."

In the case of *People* v. *Colton*, 2 Utah 459, the statute provided that if any man and woman not being married to each other, carnally and lasciviously associate and cohabit together shall be punished, etc. It was there held that the negative averment should be in the indictment averring that the parties were not married, as it constituted a part of the description of the offense required by the statute.

In California it is held that where a statute introduces a new offense, without referring to anything else, it will be sufficient to describe the offense in the information in the language of the statute. *People* v. *Sauers*, 14 Cal. 29; *People* v. *Murray*, 67 Cal. 103.

We are of the opinion that where the offense charged, is purely statutory, as in this case, having no relation to the common law, it is, as a general rule, sufficient in the indictment to charge the defendant with the acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion

of the matter, and that it was unnecessary for the prosecution in this case to charge in the information that the woman with whom the offense was committed was not the wife of the defendant. *State* v. *McDonald,* 14 Utah, 173; *Commonwealth* v. *Fogarty,* 8 Gray, 489; *U. S.* v. *Simonds,* 96 U. S. 360; *U. S.* v. *Cook,* 7 Wall. 164; *State* v. *Fairbanks,* 7 Utah, 3; *People* v. *Colton,* 2 Utah, 457; *State* v. *Williams,* 23 Pac. 335; *State* v. *Halbert,* 44 Pac. 538; *State* v. *White,* 25 Pac. 33; *People* v. *Murray,* 67 Cal. 103; *People* v. *White,* 34 Cal. 183; 1 Bish. Crim. Proc. Secs. 611, 612; Whart. Amer. Crim. Law, Sec. 379.

Counsel for the appellant challenge the instructions of the court on the subject of reasonable doubt. Upon examination we find that the charge given, as a whole, was correct, although the following part thereof, taken by itself has been criticised: "It means such a doubt as would cause a prudent man to pause and hesitate before accepting as true and acting upon any matter alleged and charged in the graver and important affairs of life." *Hampton* v. *People,* 29 Mich. 195; *People* v. *Steubenvoll,* 62 Mich. 329; *People* v. *Marble,* 38 Mich. 125.

It is not advisable to enlarge upon or enter into details, in giving the definition of a reasonable doubt. A doubt is a fluctuation or uncertainty of the mind arising from defect of knowledge or of evidence, and a doubt of the guilt of the accused party honestly entertained from the evidence is a reasonable doubt.

A very satisfactory and comprehensive definition of a reasonable doubt was given in the case of the *State* v. *McCune,* 16 Utah, 170. As given the instruction reads as follows:

"A reasonable doubt is not a mere imaginary, captious, or possible doubt, but a fair doubt, based upon reason and

common sense, and growing out of the testimony in the case. It is such a doubt as will leave the juror's mind, after a careful examination of all the evidence, in such a condition that he cannot say that he has an abiding conviction, to a moral certainty, of the defendant's guilt."

Counsel for the appellant also raises a question as to the sustaining of the objection to the testimony offered as to the want of chastity and bad character of the young woman with whom the offense was committed.

An examination of the case of the *State* v. *Hilberg*, 22 Utah, 27; 61 Pac. 215, decided at the February term of this court, will show that there is no legal merit in this contention.

Upon a further examination of the law presented, by the able counsel for the respective parties, we have concluded on rehearing, to change our former ruling, and now hold that we find no reversible error in the record.

The judgment of the district court is affirmed.

BARTCH, C. J., concurs.

BASKIN, J., dissents.