## PEOPLE v. MILLER.

### Cr. No. 1166; September 28, 1904.

#### 78 Pac. 227.

**Rape.—An Indictment Alleging That Defendant** on a certain day had intercourse with H., a female under sixteen years of age, "and not the wife of defendant," unequivocally alleges that the female was not the wife of defendant at the time of the commission of the offense.[1]

**Evidence.—Evidence as to the Number of Boxes** witness could pack in a given time is not admissible to show how many defendant could pack.

APPEAL from Superior Court, San Bernardino County; Frank F. Oster, Judge.

Clarence T. Miller was convicted of rape, and appeals. Affirmed.

Henry M. Willis for appellant; U. S. Webb, attorney general, and C. N. Post, assistant attorney general, for the people.

SMITH, C.—The defendant was convicted of the crime of rape, and sentenced to a term of seven years' imprisonment in the state prison at Folsom. He appeals from the judgment

[1] Cited in People v. Miles, 9 Cal. App. 316, 101 Pac. 527, a similar prosecution, the court saying that the cited case was the only previous instance of the question being before the supreme court, and that there it was held that the information did allege that the female was not the wife, etc.

and from an order denying his motion for a new trial. The grounds for reversal alleged are: (1) The insufficiency of the indictment in failing to allege that the prosecutrix was not the wife of the defendant at the time of the commission of the offense; (2) error of the court in allowing a question to the prosecutrix, and the insufficiency of her answer to establish an essential element of the crime; (3) the exclusion of certain testimony; and (4) that the verdict is contrary to the evidence.

The objection to the indictment is obviously untenable. The actual allegation is that the defendant on the day named "did willfully, etc., . . . . commit an act of sexual intercourse with one Eva Hilberg, a female person under the age of sixteen years, and not the wife of said Clarence T. Miller"; and this, whether we have regard to the mere grammatical construction or to the manifest intent of the allegation, unequivocally alleges that the act was committed on a female under the age of sixteen years, and not the wife of the defendant at the time of the act. Nor is the allegation susceptible of a different meaning.

As to the second of the grounds urged, the question asked we regard as proper, and the answer of the witness as susceptible of but one inference, which is adverse to the appellant on the point complained of.

The third ground is also without merit. The evidence excluded related to the number of boxes of oranges the witness Hilberg could pack in a given time, which could furnish no grounds for any inference as to how many the defendant could pack, which was the purpose for which it was offered: Code Civ. Proc., sec. 1832.

As to the appellant's fourth point, the evidence against the defendant is, indeed, not so strong as to exclude doubt. But it cannot be said there was no evidence to sustain the verdict, nor can we say there was such abuse of discretion in the lower court in refusing a new trial as to justify the interference of this court: Const., art. 6, sec. 4.

We advise that the judgment and order appealed from be affirmed.

We concur: Gray, C.; Cooper, C.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed: Shaw, J.; Van Dyke, J.; Angellotti, J.