CASE 44.—PROSECUTION AGAINST J. C. LANDIS FOR RAPE.
—September 24.

# Commonwealth v. Landis

Appeal from Pulaski Circuit Court.

M. L. JARVIS, Circuit Judge.

Defendant having been convicted, was granted a new trial, and the Commonwealth appeals.—Opinion certified.

Rape—Indictment—Sufficiency.—Ky. Stats. 1903, section 1155, as amended by Acts 1906, p. 252, c. 24, provides a penalty for unlawfully carnally knowing a female under 16 years old, etc. Crim. Code. Prac., section 122, subdivision 2, requires an indictment to state the acts constituting the offense in ordinary and concise language, so as to enable a person of common understanding to know what is intended, etc. Section 124 defines the facts that must be stated with certainty in an indictment to be the "party" and the "offense" charged, the county in which the offense was committed, and the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. Section 136 provides that the words used in the statute to define an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used. Held, that an indictment under section 1155 is not insufficient for failing to charge that accused and prosecutrix were not husband and wife.

OPINION OF THE COURT BY JUDGE LASSING.

Appellee was indicted, charged with the offense of carnally knowing a female under the age of 16 years. The indictment is as follows: "The grand jury of

Pulaski county, in the name and by the authority of the Commonwealth of Kentucky, accuse J. C. Landis of the crime of carnally knowing a female under the age of sixteen years, committed in the manner and form as follows, viz.: The said Landis on the last day of May, 1908, before the finding of this indictment and in the county and State aforesaid, did unlawfully carnally know Esther Miller, who was then and there a female under the age of sixteen years, against the peace and dignity of the Commonwealth of Kentucky." To this indictment the appellee entered a plea of "not guilty," was tried, and his punishment fixed at confinement in the penitentiary for 10 years. He filed a motion and grounds for a new trial, and upon hearing this motion was sustained, the verdict of the jury was set aside, and appellee granted a new trial. The proof offered by the Commonwealth warranted the finding of the jury, and it is alleged that the trial judge granted a new trial because the indictment failed to charge that appellee and the prosecuting witness were not husband and wife, and that the proof failed to establish this fact. The only question before us on this appeal is the sufficiency of the indictment.

This indictment is drawn under section 1155 of the Kentucky Statutes of 1903, as amended by Acts 1906, p. 252, c. 24, which reads as follows: "Whoever shall unlawfully carnally know a female under the age of 16 years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years." The indictment follows substantially the language of the statute. Subsection 2 of section 122 of the Criminal Code of Practice provides that: "An indictment must contain a statement of the acts constituting the offense in ordinary and concise language, and in such

a manner as to enable a person of common understanding to know what is intended; and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case.'' Section 124 of the Criminal Code of Practice defines the facts that must be stated with certainty in an indictment to be ''the party'' and ''the offense'' charged, the county in which the offense was committed, and the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. The particular circumstances of the offense charged in the case at bar are those defined by the statute as amended by the act of 1906, creating the offense. Section 136 of the Criminal Code provides that the words used in the statute to define an offense need not be strictly pursued in an indictment, but other words conveying the same meaning may be used.

Measured by these code provisions the indictment in the case at bar meets the requirements of the law, unless it can be said that under subsection 4 of section 124 above referred to, it is necessary to allege that the accused and the female whom he is charged with carnally knowing were not husband and wife, in order to constitute a complete offense. We know of no authority so holding, nor are we referred to any such. In Roberson's Criminal Law, section 271, it is stated that in ''an indictment under the statute concerning rape on infants under twelve years of age  *  *  *  sex need not be alleged. The indictment is sufficient if it gives a woman's name and uses the pronouns 'she' and 'her' in speaking of the person on whom the rape was committed. The word 'female' in an indictment is equivalent to the word 'woman.' It need not be averred that the woman was not the wife of the defendant.'' And in the case of the Commonwealth v.

Fogerty, 8 Gray (Mass.) 489, 69 Am. Dec. 264, the court in passing upon the sufficiency of the indictment for rape, said: "Nor was it necessary to allege that the prosecutrix was not the wife of the defendant. Such an averment has never been deemed essential in indictments for rape, either in this country or in England. The precedents contain no such allegations. A husband may be guilty at common law as principal in the second degree of a rape upon his wife by assisting another man to commit rape upon her, and under our statute would be liable to be punished in the same manner as the principal felon. An indictment charging him as principal would therefore be valid. Of course, it would always be competent for a party indicted to show, in defense of a charge of rape alleged to be actually committed by himself, that the woman on whom it was charged to have been committed was his wife. But it is not necessary to negative the fact in the indictment." In the case of State v. Williamson, 22 Utah, 248, 62 Pac. 1022, 83 Am. St. Rep. 780, it was expressly held that an indictment for rape need not specify the sex of the defendant, nor that the person ravished was not his wife. These authorities are directly in point, and we have been able to find none holding the contrary view.

We are of opinion that the indictment is a good indictment for the offense charged, and this opinion is ordered to be certified to the lower court as the law of the case.