Argued at Pendleton October 27, affirmed December 2, 1924, rehearing denied January 27, 1925.

# STATE *v.* F. E. GAUTHIER.

### (231 Pac. 141.)

**Indictment and Information—Motion to Set Aside Indictment must be Made and Heard at Arraigment to Urge Illegality.**

1. Under Section 1484, Or. L., if motion to set aside indictment is not made and heard at arraignment, unless hearing is continued for good cause, accused is precluded, under Section 1438, from objecting that indictment was not found as provided by statute.

**Criminal Law—Statutes Authorize Appointment of Special Prosecuting Attorney in Lieu of Disqualified or Incapacitated District Attorney.**

2. Despite Constitution, Article VII, Section 17, authorizing election of prosecuting attorneys, under General Laws of 1921, Chapter 11, amending Section 1027, Or. L., the trial court may appoint a qualified attorney to perform functions of a disqualified or incapacitated district attorney for prosecution of a particular case.

**Criminal Law—Circuit Court has Inherent Power to Appoint Special Prosecutor for Particular Case.**

3. Circuit Court has inherent power, in absence of statute, to appoint, in lieu of disqualified or incapacitated district attorney, another qualified attorney to perform latter's functions in prosecuting a particular case.

**Criminal Law—Attorney Appointed to Prosecute Particular Case Need not be Appointed Deputy.**

4. Attorney presenting particular case to grand jury during district attorney's incapacity could be appointed by the court without being appointed a deputy by the district attorney.

**Indictment and Information—Indictment in Substantial Conformance to Code as to Form, Sufficient.**

5. An indictment is sufficient if it substantially conforms to the form provided in the Code.

**Rape—Indictment for Statutory Rape Held not Vitiated by Use in Charging Clause of "Person" for "Child."**

6. Under Section 1437, Or. L., prescribing requirements, an indictment under Section 1912, charging statutory rape, is not vitiated by substitution therein of the word "person" for "child" in clause alleging the assault on and sexual intercourse with a female person of the age of thirteen years; a "child" being specifically a very young person, one not old enough to dispense with maternal aid and care.

1. See 14 R. C. L. 208.
2. See 22 R. C. L. 93.
5. See 14 R. C. L. 172.

Rape—Sexual Intercourse and Age of Prosecutrix Essential Elements of Statutory Rape.

7. The essential elements of statutory rape are the facts of sexual intercourse and the age of prosecutrix.

Rape—Indictment for Statutory Rape Need not Show Prosecutrix Unmarried.

8. In view of Section 9720, Or. L., fixing the age at which legal marriage may be contracted by a female at fifteen years, the allegation of prosecutrix's age in indictment, under Section 1912 for statutory rape, as thirteen years, precludes the inference that she was married, and such fact need not in any event be alleged.

Indictment and Information—Phraseology of Indictment With Reference to Words Employed Identifying Statute on Which Based, Suggested.

9. An indictment should employ as many substantial words of statute as will enable court to determine on what statute it is founded, and all other words essential to a complete description of offense charged, or words which are equivalent at least to those used in statute, provided they include the full significance of the statutory words not used, but not otherwise.

Rape—Indictment for Statutory Rape Held Sufficient.

10. Indictment charging that accused on a named date and at a named place, being a male person over the age of sixteen years, did unlawfully and feloniously carnally know a named female of the age of thirteen years, not his wife, *held* sufficient.

Rape—Pleader in Framing Indictment not Required to Speculate as to Imaginary Defense.

11. Section 1912, Or. L., does not require the pleader in framing indictment for statutory rape to enter the realm of speculation as to some imaginary defense.

Criminal Law—Evidence That Medicine for Which Defendant was Searching had Been Given Prosecutrix by Accomplice Held Admissible as Part of Res Gestae.

12. In prosecution under Section 1912, Or. L., for statutory rape, where there was evidence that a few days after alleged offense defendant was discovered at place where he left prosecutrix searching for some medicine, evidence that the medicine was given prosecutrix by accused's accomplice in accused's presence *held* admissible as a part of the entire transaction.

---

7. See 22 R. C. L. 1188.
8. Necessity of negativing, in indictment, marital relation between accused and prosecutrix, see notes in 16 Ann. Cas. 902; Ann. Cas. 1912B, 114. See, also, 22 R. C. L. 1198.
9. See 14 R. C. L. 172.
10. See 22 R. C. L. 1195 et seq.

Criminal Law—Acts and Conduct of Accomplice in Perpetration of
    Offense, and Subsequent Concealment, Admissible Against Other.
    13.  Acts and conduct of one accomplice during pendency of
wrongful act not only in its perpetration, but also in its subsequent
concealment, are admissible against the other.

Criminal Law—Statement of Accused as Witness at Trial of Accom-
    plice Held Admissible.
    14.  Evidence that, at trial of accomplice for statutory rape with
a different girl, defendant, who had been seen searching for medi-
cine given the girls, testified he wanted it "to protect ourselves,"
*held* admissible.

Criminal Law—Testimony of Official Court Reporter Reading from
    Official Record Competent in Absence of Objection for Lack of
    Foundation.
    15.  Testimony of official court reporter reading from the official
record *held* competent, where no objection was made that foundation
had not been laid by showing his inability to testify without using
the record.

Criminal Law—Evidence Held Inadmissible as Self-serving Declara-
    tion.
    16.  Defendant's testimony as to statements of co-conspirator *held*
inadmissible as self-serving declaration.

---

See (1) 31 C. J. 798.  (2) 18 C. J. 1339, 1340.  (3, 4) 18 C. J.
1339.  (5) 31 C. J. 706; 33 Cyc. 1444.  (6) 33 Cyc. 1439; 11 C. J.
756.  (7) 33 Cyc. 1421, 1424.  (8, 11) 33 Cyc. 1445 (1926 Anno.).
(9) 31 C. J. 704, 705.  (10) 33 Cyc. 1444.  (12) 16 C. J. 668.  (13) 16
C. J. 662.  (14) 16 C. J. 629.  (15) 16 C. J. 759.  (16) 16 C. J. 636.

From Union: J. W. KNOWLES, Judge.

In Banc.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief over the names of
*Messrs. Crawford & Eakin* and *Mr. E. R. Ringo,*
with an oral argument by *Mr. Ringo.*

For respondent there was a brief and oral argu-
ment by *Mr. R. J. Green.*

BEAN, J.—The defendant appeals from a judg-
ment of conviction based upon the verdict of a jury.

---

13.  See 5 R. C. L. 1088.
15.  See 10 R. C. L. 972.
16.  See 1 R. C. L. 470.

The indictment upon which the defendant was tried, is as follows:

"F. E. Gauthier, the above named defendant, is accused by the Grand Jury of Union County and State of Oregon by this indictment of the crime of Rape committed as follows:

"The said F. E. Gauthier on the 29th day of August, 1923, in the County of Union and State of Oregon, then and there being, and being then and there a male person over the age of sixteen years, did then and there unlawfully and feloniously carnally know one Afton Winn, a female person under the age of sixteen years, to wit: of the age of thirteen years, the said Afton Winn not being then and there the wife of the said F. E. Gauthier, contrary to the statutes in such cases made and provided and against the peace and dignity of the State of Oregon.

"Dated at La Grande, in the County aforesaid this 8th day of October, 1923.

"R. J. GREEN,
"Special Prosecutor."

A demurrer to the indictment was interposed upon the grounds: (1) that more than one crime was charged in the indictment; (2) that the facts stated do not constitute a crime. The demurrer was overruled and the defendant entered a plea of not guilty. Testimony was introduced tending to support the allegation of the indictment.

This matter was presented to the grand jury by R. J. Green, an attorney of this court, by virtue of authority of an order of the trial court. On account of the illness of the district attorney and the disqualification of his deputies to investigate the charge, as shown by the record of the court, and at the request of the district attorney, the court made the following order:

"It is therefore ordered that R. J. Green be and he is hereby appointed special prosecutor to conduct

the investigation of said charge before the grand jury and to prosecute same in the circuit court in the event indictments are returned against said defendants.

"(Signed) J. W. KNOWLES,
"Circuit Judge."

Upon the trial, counsel for defendant objected and excepted to the introduction of any evidence on the part of the state for the reasons: (1) that the indictment was not signed by the district attorney, nor by his deputy as indicated by Or. L., Section 1438, containing a form of indictment; (2) that the court was without authority to substitute a special prosecutor for the district attorney provided for in Section 17, Article VII of the Constitution.

1. There was no motion to quash the indictment in the case, and it will be noticed that the demurrer filed did not direct the attention of the court to this point. It is first contended, on behalf of the state, that the objection that an indictment was not found according to the statute, must be made upon motion, and before a plea, and if not so made it is deemed waived, citing Or. L., Section 1484; *State* v. *Reinhart*, 26 Or. 466, 471 (38 Pac. 822); *State* v. *Witt*, 33 Or. 594 (55 Pac. 1053); *State* v. *McElvain*, 35 Or. 365, 366 (58 Pac. 525). An orderly presentation of a criminal case requires an observance of the requirements contained in the last mentioned section of the statute.

2. Authority for the appointment of a special prosecuting attorney by the court is claimed by virtue of the provisions of Chapter 11, General Laws of Oregon 1921, page 22, amending Section 1027, Or. L. This section, as amended, provides in substance that if the district attorney fail to attend any court at which he is required to be, or if the district attorney is disqualified, as provided in this section, and such

facts appear to the satisfaction of the court, such court shall appoint another regular attorney to perform the duties of the district attorney during his absence, at the trial or investigation of such accused. This section in its original form has been on the statute books since 1862, and, so far as we know, has been the unquestioned law of this state. See Deady's Code, § 953.

3. Section 17 of Article VII of the Constitution ordains that there shall be elected by the several districts a sufficient number of prosecuting attorneys, who shall be law officers of the state, and of the counties, within their respective districts, and shall perform such duties pertaining to the administration of the law as the legislative assembly may direct. It was not in any way inimical to this section of the organic law for the legislature to provide, that when the district attorney is incapacitated and does not attend court, or when prior to his election he has represented the accused, the court shall appoint another qualified attorney to perform the functions of the district attorney in his stead in that particular case: *Turner* v. *State,* 89 Tenn. 547 (15 S. W. 838, 840); *Hyde* v. *Terr,* 8 Okl. 69 (56 Pac. 851); *King* v. *State,* 43 Fla. 211 (31 South. 254); *State* v. *Smalls,* 98 S. C. 297 (82 S. E. 421, Ann. Cas. 1918A, 720). Moreover, the Circuit Court is a court of general jurisdiction and has the inherent power, in the absence of such a statute, in a proper case like the one at bar, to appoint a special prosecutor in order that justice may be done: 22 R. C. L. 93, § 7; 32 Cyc. 716; *Duke* v. *State,* 11 Ind. 557 (71 Am. Dec. 370–376, and note).

4. It is urged by the defendant that the district attorney should have appointed a deputy to act in the case. An answer to this is that the law does not so

require. Further, this method would not in all cases avoid the difficulty. It should be remembered that the prosecutor is to be supplied for a temporary purpose. It might be, as was apparently the fact in the case at bar, that the attorney whom the district attorney and the court desired to prosecute the case, would be retained for the defense in the other criminal cases pending at the same time which would prevent his accepting a regular deputyship.

5, 6. It is further urged by the defense that the indictment is vitiated by substituting the word "person" for the word "child." Section 1912, Or. L., provides thus:

"If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years, * * such person shall be deemed guilty of rape, * * "

The form of indictment for that offense set forth on page 1347, vol. 1, Or. L., also uses the words "female child." It is a well-settled rule that an indictment is sufficient if it substantially conforms to the form provided in the Code. Section 1437, Or. L., requires an indictment to contain a statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. The indictment charges the defendant with the criminal assault upon "Afton Winn, a female person under the age of sixteen years, to wit, of the age of thirteen years." The language of the indictment in this respect is practically the same as the language of the statute. In other words, a female child is therein described, by the assertion that the female person is of the age of thirteen years. The definition of the word "child," as adopted by this court, is as follows: "Specifically, a very young

person; one not old enough to dispense with maternal aid and care." *State* v. *Eisen,* 53 Or. 297, 301 (99 Pac. 282, 283, 100 Pac. 257). In an indictment for statutory rape it is not vitally necessary to use the word "child." It is sufficient if the indictment charges sexual intercourse "with a female person under the age of sixteen years, to wit, of the age of thirteen years." 33 Cyc. 1439; *People* v. *Miller,* 7 Cal. Unrep. 192 (78 Pac. 227); *State* v. *Williamson,* 22 Utah, 248 (62 Pac. 1022, 83 Am. St. Rep. 780).

7. The essential elements of statutory rape are the facts of sexual intercourse, and the age of the prosecutrix: 22 R. C. L. 1188, § 20; *McQueary* v. *People,* 48 Colo. 214 (210 Pac. 210, 21 Ann. Cas. 560).

8. It is also contended by the defense that the indictment should show that the girl was unmarried. The alleged age of the prosecutrix precludes the inference that she is married under the laws of this state: Section 9720, Or. L. See *State* v. *Dunn,* 53 Or. 304 (99 Pac. 278, 100 Pac. 258). Our statute, Section 1912, which the defendant is accused of violating contains no provision or exception necessitating the indictment to show that the prosecutrix was at the time unmarried. In such case, the rule, as stated in 1 Bishop on Crim. Procedure, Section 611, is:

"Where the offense is purely statutory, having no relation to the common law,—where, in other words, the statute specifically sets out what acts shall constitute the offense, it is, as a general rule, sufficient in the indictment to charge the defendant with acts coming fully within the statutory description, in the substantial words of the statute, without any further expansion of the matter."

9. The indictment should employ as many of the substantial words of the statute as will enable the

court to see on what statute it is founded, and all other words which are essential to a complete description of the offense; or such words which are equivalent at least to those used in the statute, provided they include the full significance of the statutory words not used, but not otherwise: 1 Bishop on Crim. Procedure, § 612; *State* v. *Williamson,* 22 Utah, 248 (62 Pac. 1022, 83 Am. St. Rep. 780).

10, 11. Tested by these long-established rules, the indictment in the present case is legally sufficient to inform the defendant of the nature of the charge against him, and to inform the court of the statute upon which the charge is based. It is not required under a statute, like the one under consideration, that in framing an indictment, the pleader should enter the realm of speculation as to some imaginary defense.

12. It appears from the record that Chester Butcher, a man of the age of about thirty-five years, and defendant Gauthier, who was about twenty years of age, and Bonnie Buchanan, a girl sixteen years of age, and Afton Winn, the prosecutrix, thirteen years of age, together drove in a car from La Grande to Union, Oregon. On their way home the car was diverted off the highway and stopped and all alighted and climbed over a fence into a field, the defendant going with Afton Winn and Butcher with Bonnie Buchanan, where the offense was committed. Butcher had requested the defendant to convey him in his auto to a certain schoolhouse where Butcher had an engagement to meet the two girls. Butcher introduced the girls to Gauthier. Chester Butcher was indicted for his offense with Bonnie Buchanan and was tried and convicted but a few days before the trial of defendant.

113 Or.—20

Bonnie Buchanan, as a witness for the state in the present case, testified that when they returned to the car in the road in answer to the question:

"Q. Did any conversation take place then?

"A. Well, I heard Mr. Butcher just as they got in the car. Mr. Butcher handed Afton an envelope that had some brown pills in it and he told her to take those for safety first.

"Mr. Crawford: We object to that proposition, what Butcher handed to her and what Butcher did.

"Q. Was the defendant right there?

"A. He was.

"Mr. Crawford: We object to that as incompetent, irrelevant and immaterial.

"Mr. Green: We will follow this up, if your Honor please, by showing these are the same pills that the defendant Gauthier was hunting for in the grass there.

"The objection is overruled by the Court and an exception is allowed to defendant."

13. The evidence discloses that upon returning to La Grande the two men left the girls near a barn where the girls were to sleep, at which time Gauthier gave the girls a blanket out of his car. A few days later Gauthier was discovered searching in the grass near the barn, and upon being questioned it developed that he was searching for the blanket and the pills. Butcher gave the pills to Afton Winn in the presence of defendant. The object of giving the medicine was obviously to conceal the crime. The evidence tended to show that Butcher and the defendant were acting together, or were co-conspirators in the unlawful enterprise, and the apparent purpose of the defendant in attempting to find the pills was to conceal them as evidence. This could not be shown without showing the act of Butcher in giving the pills to the Winn girl. It was a part of the transaction. What Chester Butcher did to aid the defendant in the commission

of the offense and in the defendant's presence was competent as a part of the entire transaction. Butcher, as the testimony indicates, was the instigator of the affair, the aider and abettor of the defendant in his association with the Winn girl. Upon the trial of Gauthier it was proper to lay before the jury the entire affair. *State* v. *Branson,* 82 Or. 377, 383 (161 Pac. 689); *State* v. *Smith,* 55 Or. 408, 415 (106 Pac. 797); Wharton Crim. Ev., § 700. The acts and conduct of one accomplice, during the pendency of the wrongful act, not only in its perpetration, but also in its subsequent concealment, are admissible against the other: *State* v. *Garrett,* 71 Or. 298, 306 (141 Pac. 1123):

"The statements of a conspirator, made after the conspiracy has ceased to exist, either by success or failure, and which are merely narrative of past events (though in form a confession, i. e., an admission of the conspiracy) are not receivable against a fellow conspirator unless the latter was present when they were made and heard them and expressly or by implication acquiesced in them." Underhill on Crim. Ev. (2 ed.), Chap. 493, page 800."

14. At the trial of Chester Butcher just preceding the trial of the present case, defendant Gauthier testified as a witness for the defense. At the trial of the case at bar H. H. Hanna, the official court reporter who reported the testimony in the case of *State* v. *Butcher* was called as a witness for the state and was interrogated in regard to the testimony of defendant Gauthier given upon the former' trial. Over the objections and exceptions of defendant that it was immaterial, irrelevant and incompetent he testified as follows:

"Q. And as such official reporter did you take the testimony in the case of the State of Oregon against Chester Butcher tried here recently?

"A. I did.

"Q. Did you report the testimony of the defendant Gauthier in that case?

"A. I did.

"Q. I would like to ask you to read and state what he said about these pills as to why he went up there after them.

"Mr. Crawford: We object to that as wholly incompetent, irrelevant and immaterial.

"The objection is overruled by the Court and an exception is allowed to the defendant.

"A. In response to the question, 'What did you want that medicine or the pills for?' he said, 'Well, I wanted them to protect ourselves in this case,' and to the question, 'You wanted to protect yourselves in this case?' he answered, 'Yes!'"

A reading of the testimony shows that the statement made by the defendant, when a witness at the former trial, was material and competent in the present case.

15. Further objection is made that the court reporter could not use the report of the testimony of the defendant given upon the former trial without first showing his inability to testify without using such report. It is apparent from the testimony of the reporter that he had his report of the testimony of the defendant given upon the former trial of Butcher. There was no objection to the reading of the testimony of the defendant for the reason that no proper foundation had been laid. The reporter was not only asked to read the testimony, but to state what the defendant said about the matter. The document read from was an official record of the court. The testimony of the reporter, under all of the circumstances, was competent. Had there been any question in regard to the foundation for the testimony, the question should have been raised by proper ob-

jection at the trial. No error appears in this respect: *Filkins* v. *Portland Lbr. Co.,* 71 Or. 249, 252 (142 Pac. 578); *Ellis* v. *Abbott,* 69 Or. 234, 240 (138 Pac. 488.)

16. Error is predicated upon the refusal of the court to permit the defendant to testify over the objection by the state as to what Butcher, his co-conspirator, stated to him as to why he was taking the medicine up to the girls. The answer was tendered. The evidence attempted to be elicited was clearly in regard to a self-serving declaration and incompetent. Defendant complains as to the qualifications of some of the jurors. The question is not raised by the bill of exceptions or otherwise. In so far as the record shows, the jurors were satisfactory to the defendant. We have examined other assignments of error but find none of merit. The defendant had a fair trial and was ably defended. No motion was made for a directed verdict.

We find no error in the record. The judgment is affirmed.     AFFIRMED.   REHEARING DENIED.