39 N.J. Super. 306 (1956)
121 A.2d 69
STATE OF NEW JERSEY, PLAINTIFF,
v.
FREDERICK A. FAAS, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided February 29, 1956.
Mr. Myron W. Kronisch argued the cause for the State of New Jersey (Mr. Charles V. Webb, Jr., attorney).
Mr. Arthur J. Callaghan argued the cause for the defendant.
*307 FOLEY, J.C.C.
This matter came before the court on writ of habeas corpus.
The defendant attacked the legality of his confinement under sentences imposed following his pleas of non vult to indictments charging him with rape and assault with intent to rape.
He contended, inter alia, that the statute defining the crime of rape (N.J.S. 2A:138-1) is fatally defective for its failure to use either the word "felonious" or the word "unlawful" to describe the carnal knowledge interdicted, and that an indictment employing the terms of the statute is fatally defective for the same reason. The exposition of the defendant's attack is built around the idea that the statute, as drawn, encompasses a carnal knowledge of one's wife if the act be done "forcibly against her will," and that this is an absurd result since the marriage contract cedes to the husband the right to marital intercourse regardless of the consent of his spouse.
The terminology complained of has endured in our statutory law from the earliest times. See Nixon's Digest (2d ed.), p. 162, sec. 10; Elmer's Digest, Crimes, sec. VIII, p. 103. In State v. Heyer, 89 N.J.L. 187 (E. & A. 1916), the Court declared that the statutory definition of the crime of rape is the same as that found in Blackstone, save for the fact that the word "and" has been deleted from the expression "forcibly and against her will." It is clear from a reading of this case that the gravamen of the charge is made up of three elements: carnal knowledge, force, and lack of consent. The defendant there questioned the sufficiency of an allegation that he did "feloniously ravish and carnally know her." The court concluded that, so framed, the indictment implied that the act was done "forcibly and against her will."
Though my research has not revealed any cases in this jurisdiction dealing with the problem of whether it is necessary to allege that the victim was not married to defendant at the time of the act complained of, there is an abundance of authority elsewhere that such an allegation is not necessary in the absence of a statutory provision expressly *308 exempting the marital state from its purview. 75 C.J.S., Rape, § 38a, p. 501; 48 Am. Jur., Rape, sec. 44, p. 928, sec. 59, p. 934; 1 Wharton Criminal law (11th ed.), p. 1012, sec. 742; Sharp v. State, 188 Ind. 276, 123 N.E. 161 (Sup. Ct. 1919); Curtis v. State, 89 Ark. 394, 117 S.W. 521 (Sup. Ct. 1909); State v. Williamson, 22 Utah 248, 62 P. 1022 (Sup. Ct. 1900); State v. White, 44 Kan. 514, 25 P. 33 (Sup. Ct. 1890). In some states the negating of the existence of the marital state is required where the female is under the age of consent, but not where the charge is forcible rape. People v. Hornaday, 400 Ill. 361, 81 N.E.2d 168 (Sup. Ct. 1948); People v. Stowers, 254 Ill. 588, 98 N.E. 986 (Sup. Ct. 1912); People v. McCollum, 116 Cal. App. 55, 2 P.2d 432 (D. Ct. App. 1931); Wells v. State, 128 Tex. Cr. R., 318, 81 S.W.2d 89 (Ct. Crim. App. 1935). The following cases embody the principle that statutory exception of a state of marriage requires an allegation that the prosecutrix is not the wife of defendant: Cutler v. State, 15 Ariz. 343, 138 P. 1048 (Sup. Ct. 1914); Browning v. State, 53 Ariz. 174, 87 P.2d 112 (Sup. Ct. 1939); Duggins v. State, 76 Okl. Cr. 168, 135 P.2d 347 (Cr. Ct. App. 1943).
Except where allegation and proof of a state of non-marriage are made necessary by statute, proof of the existence of marital relationship is generally held to be a matter of defense. State v. Williamson, supra; Commonwealth v. Landis, 129 Ky. 445, 112 S.W. 581 (Ct. App. 1908); State v. Fudge, 96 W. Va. 109, 122 S.E. 519 (Sup. Ct. 1924); Commonwealth v. Fogerty, 8 Gray, Mass. 489 (Sup. Ct. 1857); 48 Am. Jur., Rape, secs. 44, 59, supra.
Other reasons urged by defendant in support of his position I also find to be untenable.
Accordingly the writ is dismissed.