# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# TERRITORY OF UTAH.

---

THE PEOPLE OF THE TERRITORY OF UTAH, APPELLANT, *v.* JOSEPH W. FAIRBANKS, RESPONDENT.

CRIMINAL LAW.—PLEADING.—ASSAULT.—Under 2 Comp. Laws, 1888, providing that "every person who, with intent to do bodily harm, and without just cause or excuse, or when no considerable provocation appears, or when the circumstances show an abandoned and malignant heart, commits an assault," etc., an indictment for such offense must negative the excepting clause of "just cause or excuse."

APPEAL from a judgment sustaining a demurrer to the indictment of the district court of the first district. The opinion states the facts.

Mr. *Charles S. Varian,* U. S. Attorney, for the appellant.

Messrs. *Saxey and Whitecotton,* for the respondent.

Henderson, J.:

The defendant was indicted in the first district court at Provo for the crime of "assault with a deadly weapon, with intent to do great bodily harm." The indictment is as follows: "The said defendant, Joseph W. Fairbanks, is accused by the grand jury of this court, by this indictment, of the crime of assault with a deadly weapon, committed as follows: The said Joseph W. Fairbanks, on the 19th day of February, A. D. 1890, at the county of Sevier, in said territory of Utah, and within the judicial district aforesaid, with a certain deadly weapon, to-wit, a club, an axe, and a pistol, in and upon one Russell Kelly, unlawfully, forcibly, and feloniously, did make an assault, with intent him, the said Russell Kelly, to do great bodily harm, against the peace, and contrary to the form of the statute," etc. To this indictment the defendant demurred on the ground that "the facts stated do not constitute a public offense." The court sustained the demurrer, and the prosecution appeals to this court.

The indictment is found under 2 Com. Laws, 1888, § 4488, p. 586, which is as follows: "Every person who, with intent to do bodily harm, and without just cause or excuse, or when no considerable provocation appears, or when the circumstances show an abandoned and malignant heart, commits an assault upon the person of another with a deadly weapon, instrument, or other thing, is punishable by imprisonment in the penitentiary not exceeding two years, or by fine not exceeding one thousand dollars, or by both." The claim on the part of the defendant, in support of the demurrer, is that the indictment is defective in not charging that the assault was made without considerable provocation, or under circumstances showing an abandoned and malignant heart. On the part of the people, it is contended that these

are mere matters of extenuation or defense, and therefore that it is not necessary to negative them in the indictment.

In charging statutory offenses, the general rule, as stated by text-writers and many of the cases, is that, if there is an exception in the enacting clause (by which is meant all parts of the statute defining the offense), the indictment must negative the exception, but, when the exception is in a subsequent clause it need not be negatived. *U. S.* v. *Cook,* 17 Wall. 174. Wharton, in his work on Criminal Pleading and Practice, after stating the general rule as above, in section 241 says: "This distinction has sometimes been called rude, and sometimes artificial; yet, in point of fact, it serves to symbolize a germinal point of discrimination.   *   *   *   The test before us is not formal, but essential. It is practically this: Is it the scope of the statute to create a general offense, or an offense limited to a particular class of persons or conditions? In other words, is it intended to impose the stamp of criminality on an entire class of action, or upon only such actions of that class as are committed by particular persons, or in a particular way? In the latter case the defendant must be declared to be within this class. In the former case this is not necessary.   *   *   *   It would make no matter, in such case, whether these excusatory cases be or be not given in the same clause with that prohibiting the general offense." This, we think, is a correct statement of the rule by which we should test this indictment, and is substantially the one approved in *U. S.* v. *Cook, supra,* to which we are cited by both parties. Tested by this rule, we think this indictment is defective. We think the statute creates an offense limited to a particular class of conditions; that it was not intended by it to impose the penalties therein provided generally upon all persons who

should make an assault upon another with a deadly weapon with intent to do bodily harm, but only upon those who should do so under certain conditions. In a section immediately preceding the one under consideration the statute defines and provides a punishment for assaults in general, but, by this section, assaults committed in a certain way, and under particular conditions, are made a higher grade of offense, and severer penalties are provided therefor; and we think that to negative the existence of "just cause or excuse" is just as essential as it is to aver the intent to do bodily harm with a deadly weapon. We are referred by the appellant to the case of *People* v. *Nugent*, 4 Cal. 341, which seems to support the claim of appellant, and several cases in California following the rule therein stated. The case is very briefly reported, and is not satisfactory to us. No question as to whether this indictment is sufficient to charge a simple assault has been made, and we express no opinion upon it. The order appealed from should be affirmed.

ZANE, C. J., and ANDERSON, J., concurred.