STATE, RESPONDENT, *v.* FRANK McDONALD,
APPELLANT.

ASSAULT WITH INTENT TO KILL—INDICTMENT—MALICE AFORE-
THOUGHT—DESCRIPTION OF OFFENSE—INSTRUCTION.

1. Defendant was found guilty of an assault with intent to do
   bodily harm, under an indictment of an assault with intent to
   murder, and excepts to the sufficiency of the indictment, and
   to the charge to the jury.   The indictment alleges that defend-
   ant "did unlawfully assault one S. with a deadly weapon, to
   wit, a revolver, loaded with powder and leaden bullets, which
   he, the said Frank McDonald, then and there held in his
   hands, and then and there tried to discharge upon and into the
   body of the said S., with the intent him, the said S., to
   then and there kill and murder."   Where the offense is
   described in the statute in the terms, "Every person who
   assaults another with intent to commit murder" (Comp. Laws
   1888, § 4471), the words "with malice aforethought" are not
   necessary in the indictment, as the word "murder" suffi-
   ciently described the crime.   From the description the defend-
   ant and the court could understand the offense charged, and
   the defendants conviction of it can be pleadeded in bar of
   another prosecution for the same crime.

2. By statute (section 4488, Comp. Laws of Utah 1888), the crime
   is defined as follows:  "Every person who, with intent to do
   bodily harm, and without just cause or excuse, or when no

considerable provocation appears, or when the circumstances show an abandoned or malignant heart, commits an assault upon the person of another, with a deadly weapon, instrument or other thing, is punishable," etc.    The allegations in the indictment that the asssault was unlawful, and that it was done with intent to murder, exclude the existence of "just cause" or "excuse" or " considerable provocation " as clearly as the words themselves would have done, and their use in the indictment was unnecessary under the above section.

3. It was not necessary for the court, in its charge to the jury, to use all the words·in the description of the statutory definition; hence the words "without just cause or excuse" were sufficient, without adding thereto the words " or when no considerable provocation appeared."

*People* v. *Fairbanks,* 7 Utah 3, overruled.

(No. 706.   Decided Oct. 30, 1896.)

Appeal from the district court of the Third judicial district, Territory of Utah.   Hon. S. A. Merritt, *Judge.*

Frank McDonald was convicted of assault, and appeals. *Affirmed.*

*Powers, Straup & Lippman,* for appellant.

*A. C. Bishop,* Attorney General *(B. X. Smith,* of counsel), for the State.

An assault with intent to kill necessarily includes an assault to do bodily harm, for a person cannot be killed without bodily harm being done.   *Territory* v. *Gatlife,* 37 Pac. 809; *State* v. *Triplet,* 35 Pac. 815; *State* v. *Collyer,* 30 Pac. 891; *Bean* v. *State,* 8 S. W. 278; *State* v. *McLennen,* 16 Pac. 879; *People* v. *English,* 30 Cal. 215; *People* v. *Gordon,* 99 Cal. 227; *People* v. *Pope,* 66 Cal. 366; *People* v. *Bentley,* 75 Cal. 407; *State* v. *Robey,* 8 Nev. 312; *People* v. *Kiefe,* 40 N. Y. 355; *People* v. *Lightner,* 49 Cal. 228; *Territory* v. *Conrad,* 1 Dak. 363; *People* v. *Bentley,* 17 Pac. 436.

ZANE, C. J.:

The defendant was indicted for assaulting one Emil Sacherson, with intent to murder him, and was found guilty of an assault with a deadly weapon, with intent to do him bodily harm. On this trial, the court overruled an objection to the admission of any evidence under the indictment, and also a motion for a new trial, and a motion in arrest of judgment, and sentenced him to four months' imprisonment. From the order overruling the motion for a new trial, and the sentence, the defendant has appealed. He alleges that the court erred in holding that a public offense was described in the indictment, and in admitting evidence under it.

The offense charged in the indictment is defined in the statute as follows: "Every person who assaults another with intent to commit murder is punishable by imprisonment in the penitentiary, not less than one, nor more than ten years." Comp. Laws Utah 1888, § 4471. The offense is described in the indictment as follows: "Frank McDonald is accused by the grand jury  *  *  *  of the crime of assault with intent to commit murder, committed as follows: The said Frank McDonald, on the 11th day of August, A. D. 1895, at the county of Salt Lake, in said territory of Utah, did unlawfully assault one Emil Sacherson with a deadly weapon, to wit, a revolver, loaded with powder and leaden bullets, which he, the said Frank McDonald, then and there held in his hands, and then and there tried to discharge upon and into the body of the said Emil Sacherson, with the intent him, the said Emil Sacherson, to then and there kill and murder.  *  *  *" The crime designated as an assault with intent to murder is described in the above section of the law in very general terms. It consists of the terms, "Every person who assaults another with intent to commit murder." Counsel does not object to the

description of the offense in the indictment so far as it mentions actual physical acts; but he insists that the other element of the crime is not sufficiently described, to wit, the intent; that the term "murder" is not a sufficient description of that crime in an indictment for an assault with intent to murder. He insists that the words "with malice aforethought" should be added to the words "unlawful assault with intent to commit murder." The law defines "murder" as "the unlawful killing of a human being with malice aforethought." Id. § 4452. To any man of ordinary intelligence, as well as to a lawyer or judge, "murder" means "killing with malice aforethought," and, conversely, "killing with malice aforethought" means "murder." The phrase "assault with intent to kill" is sometimes used. In the Utah statute, "assault with intent to commit murder" is adopted. The former term would include all intentional homicides, while the latter includes only killing with malice aforethought; in other words, murder. The killing may be without malice, as in manslaughter; or excusable and intentional killing, as in the execution of a convicted person; or in self-defense, as in justifiable homicide. In the latter case the statute declares that the slayer must act wholly from his fears, not in any degree from malice. The crime that the indictment alleges the defendant intended to commit is described with as much clearness by the use of the term "murder" as it would be by the use of the terms "killing with malice aforethought." The use of the latter term is required in indictments for murder, but the question here is, are they required in indictments for assault with intent to commit murder?

The second subdivision of section 4930 of the Laws of Utah of 1888 requires "a clear and concise statement of the acts or omissions constituting the offense, with such

particulars of the time, place, person and property as will enable the defendant to understand distinctly the character of the offense complained of, and answer the indictment." Subdivision 6, § 4938, Id., declares "that the act or omission charged as the offense [must be] clearly and distinctly set forth, without repetition, and in such a manner as to enable the court to understand what is intended." Section 5255 declares that "neither a departure from the form or mode prescribed by this act in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right." In this indictment these acts are alleged: "An unlawful assault with a deadly weapon, to wit, a revolver loaded with powder and leaden bullets, held in the defendant's hands, and which he then and there tried to discharge upon and into the body of Sacherson." The acts are clearly stated, and the intent with which they were performed is alleged to have been to kill and murder Sacherson. The acts and the intent as alleged, we are of the opinion, sufficiently describe a public offense. From this description the defendant and the court could understand the offense charged, and the defendant's conviction of it can be pleaded in bar of any other prosecution for the same crime. *People* v. *Swenson*, 49 Cal. 388.

But defendant also insists that he was convicted of a crime not described in the indictment. The offense of which the defendant was convicted is defined in section 4488, Comp. Laws Utah 1888: "Every person who, with intent to do bodily harm, and without just cause or excuse, or when no considerable provocation appears, or when the circumstances show an abandoned or malignant heart, commits an assault upon the person of

14 UTAH—12

another, with a deadly weapon, instrument, or other thing, is punishable by imprisonment in the peitentiary not exceeding two years, or by fine not exceeding one thousand dollars, or by both." The objection is that the indictment does not say that the assault was not without just cause or excuse, or that no considerable provocation appeared, or that the circumstances showed an abandoned or malignant heart. The allegations of the indictment do exclude the possibility of the existence of any just cause or excuse for the assault, or the possibility of the existence of any provocation which the law regards as a considerable provocation; and, that being so, an allegation that the circumstances showed an abandoned and malignant heart would have been superfluous. If the killing of a person should be purely accidental, from a lawful act performed by another with due care and circumspection, the killing would be excusable; or, if an officer executes a condemned criminal, the killing would also be excusable; or if a person were to slay another when assaulting him under circumstances of danger, sufficient to induce in him a reasonable belief of the necessity to do so to save his own life, or under such circumstancs as the law would regard as a justification, the killing in either case would be justifiable and lawful. The definition of murder excludes the idea of any just cause or excuse for the killing, or any provocation, however great, to justify it. Killing upon just cause or excuse, or upon a considerable provocation, would be excusable or justifiable homicide, and in either case the killing would be lawful. The circumstances might be such as to reduce the killing from murder to manslaughter, but that would not justify or excuse it. The definition of an "assault" will not admit of a just cause or excuse, or of a considerable provocation. A just

cause or excuse, or a considerable provocation, makes the attempt at violence lawful. It is true that the term "assault" is used in the section defining the offense of which the defendant was convicted; but it must have been used there in the sense of an attempt to commit violence, or the use of violence for which there might be a just cause or excuse, or a legal provocation. In the indictment, however, the assault is alleged to have been unlawful. The allegations in the indictment that the assault was unlawful, and that it was with the intent to murder Sacherson, exclude the existence of just cause or excuse, or any considerable provocation, as clearly as the words "without just cause or excuse," or that "there was no provocation," would have done. We hold that the offense of which the defendant was convicted was included in the crime described in the indictment, as therein alleged.

The court charged the jury, among other things: "If you find that the said defendant made an assault upon Emil Sacherson without just cause or excuse, with the intention of doing him bodily harm, you should find him guilty of an assault with a deadly weapon, with intent to do bodily harm." To this the defendant excepted, because the court did not add after the words "just cause or excuse" the words "or when no considerable provocation appeared." It is impossible to conceive of a considerable provocation when the assault is made without just cause or excuse. We find no reversible error in this record. The judgment and order appealed from are Affirmed.

BARTCH and MINER, JJ., concur, and the case of the *People* v. *Fairbanks,* 7 Utah 3, is overruled.