## STATE v. ANDERTON
No. 4450.   Decided December 7, 1926.   (252 P. 280.)

54

*Thomas O'Donnell*, of Vernal, and *Ray E. Dillman*, of Roosevelt, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

THURMAN, J.

The defendant was convicted of the crime of adultery in the district court of Duchesne county and sentenced to an indeterminate term of imprisonment in the state prison, from which judgment he appeals.

The complaint before the justice of the peace upon which the preliminary examination was held alleged that the defendant—

"unlawfully, willfully, and feloniously did commit the crime felony as follows, to wit, the said Gordon Anderton did then and there wilfully, unlawfully, and feloniously, with force and violence, ravish and carnally know and have sexual intercourse with the said Shirley Goff, who was then and there not the wife of the said defendant, and without her consent and against her .will and resistance, and overcoming her resistance with force and violence," etc.

It thus appears that the complaint before the justice of the peace charged in appropriate language the crime of rape, as defined in the statute. Comp. Laws Utah 1917, § 8105.

The defendant was held to answer to the district court. The District Attorney filed an information in the case the charging portion of which reads as follows:

"The said Gordon Anderton, on or about the 15th day of May, A. D. 1925, at the county of Duchesne, in the state of Utah, willfully, unlawfully, forcibly, and feloniously in and upon one Shirley Goff, a married female person, who was not then and there the wife of the said Gordon Anderton, violently and feloniously did make an assault, and her the said Shirley Goff, then and there, and at the time and place aforesaid, feloniously did ravish and carnally know and accomplish with her an act of sexual intercourse by force and violence and against her will and resistance, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Utah."

The only substantial difference between the complaint and the information is the fact that in the information it is alleged that the victim of the assault was a married woman. This difference, however slight it may appear to the casual reader, constitutes the bone of contention on this appeal. By injecting into the information the fact that the female assaulted was a married woman, an element was introduced not essential to the crime of rape, but was essential to the crime of adultery. Comp. Laws, supra, § 8088. It must therefore be conceded that the information charges two offenses—rape and adultery—for the latter of which defendant did not have a preliminary examination, as provided in the State Constitution, art. 1, § 13.

But it is admitted by counsel for defendant that defendant waived a preliminary examination for the crime of adultery by not moving to quash the information. The right to waive a preliminary examination is provided for in the section of the Constitution above referred to. See also, Comp. Laws, supra, § 8880.

Notwithstanding the waiver of a preliminary examination for adultery, the defendant had the right to interpose a special demurrer to the formation on the ground that it charged more than one offense. Comp. Laws, supra, § 8889, subd. 8. Certain offenses may be joined in separate counts, as provided in section 8834, but rape and adultery are not included in the list. Defendant, however, did not file a special demurrer on the grounds of duplicity, or at all, but sought to raise the objection after a plea of not guilty, and after the jury were impaneled and sworn to try the case. His counsel then objected to any evidence being received in support of the information unless the state would elect upon which charge it would try the defendant—whether for rape, or for adultery. If the state elected to try the defendant for rape, defendant was ready for trial; if for adultery, defendant had not had a preliminary examination and would insist upon his demurrer to the evidence. Such was the contention of the defendant, in the course of the coloquy between counsel and the court.

If the information states a public offense, no matter how informal or inartificial, it is clear, on elementary principles, that defendant could not object to the admission of evidence after he had pleaded not guilty and the jury had been impaneled and sworn. The defendant was then in jeopardy.

The objection as to duplicity urged by defendant, together with his motion to compel the state to elect, might all have been disposed of by the interposition of a special demurrer before pleading to the issue of fact. That would have been an orderly procedure and is clearly contemplated by the Code. The district attorney, however, announced

that he would elect to proceed on the charge of rape, reserving his contention that the crime of adultery was included. That the crime of adultery, as well as rape, is included in the information is an undisputed fact. That every element necessary to constitute either crime is set forth in the information in unmistakable language must also be conceded. So that we have before us a clear-cut case, in which two distinct offenses are alleged in the information.

It cannot be successfully contended that the crime of adultery is *necessarily* included in the crime of rape. It is not like murder, which includes all the lower degrees of unlawful homicide, or grand larceny, which includes petit larceny, or rape which includes attempt to commit rape, assault with intent to commit rape, simple assault, and, with proper averments, may include battery. There are instances in which the higher crime is divided into degrees, the lower degrees being included in the higher. It is in cases of this kind that the court is required to instruct the jury:

"When it shall appear that the defendant has committed a public offense, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he must be convicted of the lowest of such degrees only." Comp. Laws, supra, § 8979.

The trial court, in its instructions to the jury, applied that principle to the instant case and instructed the jury that if they found the defendant guilty of either rape or adultery, but were not satisfied as to which he was guilty, it would be their duty to find him guilty of adultery.

The court, in another instruction, instructed the jury that the crime of adultery was included within the crimes charged, in the information and submitted to the jury blank forms of verdict—one for rape, one for adultery, and one, not guilty.

These instructions are assigned as error. Appellant's contention is that the crime of adultery is not included in the crime of rape, and therefore the conviction for adultery

was contrary to law. The state's contention is that the crime of adultery is included in the crime charged in the information, and hence the verdict was not contrary to law. Both sides quote and rely on Comp. Laws Utah 1917, § 9025, which reads:

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment, or of an attempt to commit the offense."

Because of the conflicting views of the parties, it becomes necessary to interpret the meaning of the section last quoted; not that it is controlling in the instant case, for reasons hereinafter stated, but because it may affect cases arising in the future.

The writer is unable to concur in the views of the Attorney General that the section last quoted means that the district attorney may insert words in an information wholly unnecessary to the principal crime charged, ■ and thereby charge another offense and insist upon a conviction for such offense, merely because it was included in the information. While such an interpretation may be within the words of the statute, in my opinion, it is nevertheless a plain perversion of its meaning and clearly contrary to fundamental principles.

The district attorney elected to charge the defendant with the crime of rape. Such is the name given by him to the crime in the prelude to the charging clause of the information. Therefore the question is, Is adultery necessarily included in the crime of rape, as defined by the statute? In other words, Is adultery a lower degree of the crime of rape, or necessarily included within it? It certainly is not a lower degree of the crime of rape nor is it necessarily included within it. Any other interpretation of the statute might lead to the gravest kind of abuse and justify the district attorney in charging in the information offenses wholly incongruous and not necessary to the principal offense charged.

The Attorney General calls our attention to two cases decided by this court, upon which he relies: *State* v. *McDonald,* 14 Utah, 173, 46 P. 872, and *State* v. *Jukanovich,* 45 Utah, 372, 146 P. 289. In the McDonald Case the defendant was charged with the crime of assault with intent to commit murder with a deadly weapon, to wit, a revolver, etc. He was found guilty of an assault with intent to do bodily harm. The validity of the judgment was challenged on appeal to this court, and the objection made that the necessary elements of the crime were not alleged in the indictment. While this court, by a process of reasoning with which I cannot agree, held that the indictment sufficiently charged the offense of which the defendant was convicted, I nevertheless agree with the conclusion that by proper averment assault with a deadly weapon with intent to do bodily harm is necessarily included within a charge of assault with a deadly weapon with intent to murder. If the principal crime alleged was committed by means of a deadly weapon, it was perfectly proper to allege that a deadly weapon was used. It was descriptive of the offense charged and not mere surplusage, as was the information in the instant case that the female named was a married woman. The Jukanovich Case, supra, was a case somewhat similar to the McDonald Case, as far as the offense is concerned. There is nothing said in the opinion in the least derogatory to the views herein expressed; in fact, there is much said in conformity therewith.

Although an offense may not be formally divided into degrees by the statute, yet where the principal offense is properly described by a "statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended," as provided in Comp. Laws, § 8830, I am of opinion that conviction may be had for any offense necessarily included in the principal offense charged. But the insertion of mere surplusage for the sole purpose of charging an additional offense should not be permitted.

The case of *State* v. *Hooks,* 69 Wis. 182, 33 N. W. 57, 2 Am. St. Rep. 728, cited by appellant, is illuminating upon

this point. In that case, as in the case at bar, the defendant was informed against for rape. The information alleged that the female ravished was a married woman. The trial court was of opinion the evidence did not justify a conviction for rape and permitted a finding by the jury that the defendant had had carnal knowledge of the body of the female, she being a married woman, but without force and not against her will. Upon this verdict the court suspended sentence and certified the case to the Supreme Court on two questions, one of which was, "Can the court sentence the defendant for the crime of adultery upon the information and verdict?" In passing upon this question, the Supreme Court of Wisconsin says:

"Under the decisions of this court, we are of the opinion that the defendant cannot be sentenced for the crime of adultery upon his trial upon an information for rape. It is very clear that the information for rape would have been sufficient without alleging that the female upon whom the offense was committed was a married woman. The statute defines the crime of rape in the following language: 'Any person who shall ravish and carnally know any female of the age of ten years or more, by force and against her will, shall be punished in the state's prison not more than thirty years, nor less than ten years.' Under this act, the fact that the female is a married woman is wholly immaterial, and the words in the information alleging that she was a married woman are mere surplusage, and the defendant might have been convicted of the rape charged, if the evidence was sufficient, without proof of the fact of the marriage of the female upon whom the rape was committed.

"In an information charging the defendant with rape, there is no necessity for alleging that the female upon whom the offense was committed was married, and consequently there is no necessity for proving that fact on the trial. An information for rape does not necessarily charge facts showing that the defendant had committed adultery. It would not be urged that the defendant could have been convicted of adultery had the information omitted to state that the female was a married woman, or that the defendant was a married man, and yet, in that case, the information would be good as an information for rape.

"May the state, by alleging matters wholly immaterial to the description of the crime charged against the defendant compel him to

come to trial prepared to contest any issue which the state is not bound to prove in order to convict him of the offense charged? We think not."

The court then refers to the fact that Massachusetts has held otherwise, citing *Commonwealth* v. *Squires,* 97 Mass. 59, 61, in which it was held that a defendant charged with the crime of rape, it being alleged that he was a married man, might be convicted of the crime of adultery. The Wisconsin court criticizes the decision of the Massachusetts court in the Squires Case and says:

"With all proper respect for the opinion of the learned court which made the above decisions, we think the rule adopted by this court in [citing cases] is the better rule, and that a defendant charged with one crime cannot be convicted of another and different crime, unless the allegations necessary to constitute the greater crime charged in the indictment or information are also sufficient to constitute the lesser crime."

The state, in the instant case relies on the Squires Case, supra, and also cites *Commonwealth* v. *Drum,* 19 Pick. (Mass.) 479, and *Commonwealth* v. *Moses Goodhue,* 2 Metc. (Mass.) 193. The Drum Case is not in point because the defendant charged with rape was convicted of assault and battery, which was clearly included in the charge of rape. The Goodhue Case is in point because the indictment charged defendant with ravishing his daughter, and he was found guilty of incest.

It is important, however, in this connection to refer to the Massachusetts statute under which these convictions were had. The statute reads as follows:

"When a person indicted for a felony is on trial acquitted by the verdict of part of the offense charged, and convicted of the residue, such verdict may be received and recorded by the court, and thereupon the person indicted shall be adjudged guilty of the offense, if any, which appears to the court to be substantially charged by the residue of the indictment, and shall be sentenced and punished accordingly." (Rev. St. Mass. 1836, c. 137, § 11.)

It is contended by the state that this statute is substantially the same as the Utah statute (section 9025) under review. In the opinion of the writer, the statutes are clearly distinguishable. In the Utah statute, the lower offense of which a defendant may be convicted must be one that is necessarily included in the principal offense charged. The Massachusetts statute seems to contemplate carving two offenses out of one, without contemplating that one should be necessarily included in the other. Under such a statute, it is possible the Massachusetts cases can be sustained. The Wisconsin court, however, under a statute substantially similar, as we have seen, held otherwise.

The state also cites *Commonwealth* v. *Parker*, 146 Pa. 343, 23 A. 323, in which it was held that under a charge of rape a defendant might be convicted of fornication. The opinion in the case is per curiam and exceedingly brief. It refers for authority to *Commonwealth* v. *Lewis*, 140 Pa. 561, 21 A. 501. In that case the defendant was indicted upon three counts, the first for assault and battery, the second for assault with intent to ravish, and the third for a felonious assault upon a woman child under 16 years of age, charging that defendant did then and there feloniously and unlawfully carnally and unlawfully know and abuse the female named, and upon her body did beget a male bastard child, etc. The defendant was convicted of fornication and bastardy. On appeal to the Supreme Court, the conviction was sustained under the authority of a statute expressly authorizing it.

The decisions of other courts under statutes differing from ours are in no sense controlling. It is our duty to interpret our own statutes and give to them such effect as we think, from the language used and the purpose in view, the Legislature must have intended. We are satisfied that the clear meaning of the language employed in section 9025 is that a defendant should not be convicted of a lower offense under an indictment or information charging a higher offense, unless the lower offense is necessarily included in the higher offense.

But this conclusion does not necessarily require a reversal of the judgment. The conviction was not fatal merely because the information charged two offenses. As we have before stated, the information was subject to objection upon that ground, if the objection had been raised by special demurrer. But no special demurrer was interposed. The objection was thereby waived.

In *People* v. *Garnett,* 29 Cal. 622, the Supreme Court of that state, after stating that two offenses could not be properly charged in the same indictment, at page 626 said:

"When, however, both offenses are stated in the same indictment, the objection must be taken by demurrer, or it will be deemed waived, and a verdict of guilty of either offense will not be disturbed on that ground. In the present case, the objection was not taken by demurrer, but on motion in arrest of judgment, which was too late, as we held in Shotwell's Case, 27 Cal. 394."

In the Shotwell Case, cited in the excerpt just quoted, paragraph 4 of the syllabus reads:

"If there is more than one offense charged in the indictment, the defect should be taken advantage of by demurrer. If the objection be not taken by demurrer, it cannot be considered on motion in arrest of judgment."

In *State* v. *Toy,* 65 Mont. 230, 233, 211 P. 303, at page 304, the court says:

"At the opening of the testimony the defendant sought to challenge the information by objection to the receiving of any testimony on the ground that said information set forth more than one offense. This objection can only be taken by demurrer [citing the statute] and when not taken before plea is waived" (citing cases).

See, also, *Lyttle* v. *Comm.,* 195 Ky. 729, 243 S. W. 1037; *State* v. *Pierson,* 101 Wash. 318, 172 P. 236.

The same rule obtains in most of the other jurisdictions of the country. Hence we concluded from our examination of the cases that, however irregular it may have been to

try the defendant upon an information charging two distinct offenses, where one was not necessarily included in the other, yet as no seasonable objection was made before a plea of not guilty was entered, defendant should not be heard to complain on the ground that the information charged two offenses. Besides this, there is another feature of the case to which attention should be called before concluding the opinion. While the evidence taken at the trial is not before us, the following instructions given to the jury, which was not objected to by the defendant, indicates the nature of the defense relied on.

"You are instructed that the defendant denies that he committed an assault of any kind upon the prosecuting witness. He admits that he had sexual intercourse with her at the time and place alleged, but insists that such intercourse was had with her consent, and not by force or against her will."

Other portions of the instruction are omitted as immaterial. This admission of the defendant, together with proof of marriage, which the jury must have found, is conclusive of the fact that he committed adultery.

It is contended, however, that in preparing the information the district attorney inserted the words "a married female person" evidently for the purpose of describing the female assaulted, and that, as such words were not essential in charging the crime of rape, the words so inserted were merely surpulsage and formed no part of the information charging the offense of rape. *State* v. *Hooks,* supra, is relied on. We are not informed what the attitude and conduct of the parties litigant were during the trial of the Hooks Case, but do know that in the case at bar the defendant contended that the information charged two offenses—rape and adultery—and the district attorney who drew the information made no contention that the words in question were surplusage. He claimed the right to insert them for the purpose of convicting defendant of adultery, in the event that he failed in the proof of rape. The trial court also understood that adultery, as well as rape, was charged in the informa-

tion, and the case was tried on that theory. If such proceedings as these occurred in the Hooks Case during the trial, then we do not approve of the decision of the appellate court in that case, notwithstanding we have cited it for another purpose.

We proceed then upon the theory hereinbefore stated—that the information charges two offenses—rape and adultery; that the information is therefore duplicitous; and that the objection thereto should have been made by special demurrer. In opposition to this theory, the contention is made that the information is not duplicitous because the alleged offenses were committed at the same time and place and are all parts of the same transaction. The following authorities are cited: *Waters* v. *People,* 104 Ill. 544; *Cornell* v. *State,* 104 Wis. 527, 80 N. W. 745; 14 R. C. L. 197; 31 C. J. 771; *Smith* v. *State,* 186 Ind. 262, 115 N. E. 943; notes to *Ben* v. *State,* 58 Am. Dec. 239; *State* v. *McNay,* 100 Md. 622, 60 A. 273; and 21 R. C. L. 454. I cannot agree with the contention of my associate as broadly stated, nor am I convinced that the authorities cited support the contention, as applied to the instant case.

In *Cornell* v. *State,* supra, the correct rule, as I understand it, as applied to a case of this kind, is tersely stated at page 532 of 104 Wis., and at page 746 of 80 N. W., as follows:

"Duplicity consists in alleging two independent crimes in the same count of an information or indictment; and if those crimes be distinct, to the extent at least that different defenses may be interposed as to each or different evidence may be necessary as to them, the accused has a right to object and insist on their severance."

It will not be disputed that different defenses may be interposed to each of the crimes alleged in the information here, and different evidence is undoubtedly necessary to sustain the charge as to each. To this may be added, as held in many cases, that a different penalty is prescribed for each and each is created by a different statute. In 21 R. C. L., also cited and relied on, at page 454, the author says:

"One of the common-law rules of pleading which tends to produce singleness or unity in the issue is that pleadings must not be double. This rule applies to both the declaration and the subsequent pleadings, and its meaning with respect to declarations is that a declaration must not, in support of a single demand, allege several distinct matters by any one of which that demand is sufficiently supported. A declaration is double within this rule where it joins in one and the same count different grounds of action of different natures or all of the same nature, to enforce a single right to recovery; or where it is based on different theories of the defendant's liability; or where the matters alleged are otherwise inconsistent and repugnant."

In the note to *Ben* v. *State*, supra, at page 240 of 58 Am. Dec., many illustrations are given of informations or indictments bad for duplicity. The cases are too numerous to cite and comment upon, but the reader will find that many of them are analogous in principle to the case at bar.

The further contention is made that, inasmuch as the district attorney elected to try the defendant upon the charge of rape, the charge as to adultery, if there was such a charge, was therefore abandoned. 31 C. J. 792, and 14 R. C. L. 188, are cited and relied on. In C. J., supra, it is said, in effect, that the election to proceed upon one count operates as a dismissal or a nolle prosequi of the remaining counts. The rule is discussed by the author as applying where there are two or more counts, not where there are two or more offenses charged in the same count. As to these it would seem, on principle, that the remedy is by special demurrer on the grounds of duplicity. But, assuming, without deciding, that the rule applies to a single count charging two or more offenses, still the rule cannot apply in the instant case because there was manifestly no abandonment of the charge of adultery. All the parties, including the court, understood that the charge of adultery was not abandoned, but expressly reserved. The rule announced in C. J., supra, not only applies as between counts in an information or indictment rather than between two or more offenses in the same count, but it likewise contemplates an unqualified abandonment or dismissal of all other

counts. In such cases, we have no fault to find with the rule. The rule announced in R. C. L., supra, is generally to the same effect as the rule in C. J. which we have just considered.

It is not entirely clear from the record whether the district attorney assumed that adultery was necessarily included in the crime of rape, as defined by the statute, or whether his assumption was that it was included in the crime as charged in the information. The record is more or less confusing, but some things are clear as to which there ought not be any doubt: (1) Defendant waived his right to a preliminary examination for the crime of adultery by not moving to quash; (2) he waived his right to object to the information for duplicity by not specially demurring on that ground; (3) he admitted having sexual intercourse with the female named in the information, which, considered in connection with other admissions appearing in the record, amounted to an admission of the crime of adultery.

Comp. Laws Utah 1917, § 9231, reads:

"After hearing an appeal, the court must give judgment without regard to errors or defects which have not resulted in a miscarriage of justice. If error has been committed, it shall not be presumed to have resulted in a miscarriage of justice. The court must be satisfied that it has that effect before it is warranted in reversing the judgment."

While conceding that there were errors and defects in the trial of this case in the court below, we are not satisfied that they resulted in a miscarriage of justice.

We are disposed to give some effect to the statute above quoted and are of opinion that this is a case in which it can be applied with the assurance that no injustice will be done.

The judgment of the trial court is affirmed.

GIDEON, C. J., and FRICK and CHERRY, JJ., concur.

STRAUP, J. I dissent.

Our statute (section 8105, Comp. Laws Utah 1917) defines rape to be:

"An act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances: 1. When the female is under the age of thirteen years; 2. where she is incapable, through lunacy [etc.] of giving legal consent; 3. where she resists, but her resistance is overcome by force or violence; 4. where she is prevented from resisting by threats of immediate and great bodily harm; * * * 5. when she is at the time unconscious of the nature of the act, and * * * 6. where she submits under the belief that the person committing the act is her husband," etc.

Section 8088 defines adultery that:

"Whoever commits adultery shall be punished by imprisonment," etc.; "and when the act is committed between a married woman and a man who is unmarried, both parties to such act shall be deemed guilty of adultery; and when such act is committed between a married man and a woman who is unmarried, the man shall be deemed guilty of adultery."

Whether one or both, or neither, are guilty when the act is committed between a married man and a married woman the statute does not say. The Legislature may have regarded such an act as mere diversion, or as an exchange in due course.

It is readily conceded that by the word "act" in the statute is meant sexual intercourse; but it is an act of sexual intercourse different from that in rape. The essential of the crime of rape "is not the fact of the intercourse; but the injury and outrage to the modesty and feelings of the woman, by means of the carnal knowledge effected by force." 22 R. C. L. 1172. The gist of the offense of adultery, as it grew out of the common law, was the injury to the husband in that it might adulterate the issue and turn the inheritance away from his own blood to that of a stanger. 2 C. J. 13. Statutes, of course, have enlarged that.

As stated by Mr. Justice THURMAN, the complaint filed before the committing magistrate charged rape and nothing more, that the defendant:

"With force and violence ravished and carnally knew and had sexual intercourse with Shirley Goff, who was then and there not the wife of the said defendant, and without her consent and against her will and resistance," etc.

In drafting the complaint, the county attorney evidently assumed that to properly charge the offense of rape it was necessary to negative the exception in the statute and allege that the female was not the wife of the defendant, on the theory that, where an exception is incorporated in the body of a clause and is a constituent part of the defined offense, he who pleads the clause ought also to plead or negative the exception. It may be doubted whether the exception is such as to require a negation (State v. Williams, 9 Mont. 179, 23 P. 335) still, it is manifest that out of an abundance of caution the exception was negatived. In filing the information in the district court, the district attorney charged that the defendant, having been bound over to answer "this charge," is accused "by this information of the crime of felony, to wit, rape, committed as follows." Then follows the charging portion set forth in the prevailing opinion. It thus is seen that the district attorney designated the offense as but one offense, that of rape, but charged that it was committed on "Shirley Goff, a married female person not the wife of the defendant." In other words, in the complaint it was not in express terms charged that Shirley Goff was a female, nor was it alleged whether she was married or unmarried. The district attorney may have thought that merely charging that the offense was committed on "Shirley Goff" was not sufficiently charging that she was a female, and hence charged that she was a "married female person." It is conceded, and on that there is no dispute, that the complaint before the magistrate sufficiently characterized and described the person on whom the rape was committed, by the language "Shirley Goff, who was not the wife of the de-

fendant." The question thus, in such particular, is whether what the district attorney added was merely a further characterization or description of the female on whom the rape was committed, and hence mere surplusage, or whether by such additional words adultery was intended to be and was charged as an additional offense, either as one necessarily included in the offense of rape or as a separate and distinct offense not so included. If it be held that adultery is an offense necessarily included in that of rape, and if sufficient averments are contained in the information to properly characterize and describe both, then that is the end of the inquiry. But the conclusion is reached in the prevailing opinion that adultery is not an offense necessarily included in the offense of rape, within the meaning of section 9025, Comp. Laws Utah 1917, and is not such an offense specified by the statute as may be joined with that of rape. I fully concur in such holding and in such respect adopt and follow, as does the prevailing opinion, the case of *State* v. *Hooks*, 69 Wis. 182, 33 N. W. 57, 2 Am. St. Rep. 728, to which, among others, may be added the cases of *State* v. *Shear*, 51 Wis. 460, 8 N. W. 287, and *State* v. *Thomas*, 53 Iowa, 214, 4 N. W. 908; and I am well satisfied, too, as to the distinction made in the prevailing opinion of the cited cases from Massachusetts and Pennsylvania.

But, from thence on, I part company with my brethren. They proceed on the theory that though adultery is not an offense necessarily included in that of rape, is not a lower offense included within the greater, and though adultery and rape are separate and distinct offenses, nevertheless the information in language charges both, not as included offenses but as separate and distinct offenses; and while for that reason the information was objectionable on special demurrer, still, as none was interposed, the defendant was subject to conviction of either offense. I think there are several answers to that. (1) There are not, in my judgment, two separate or distinct offenses charged in the information. (2) If there are, the election, as presently will be seen, made by the state, to proceed on the charge

of rape thereby precluded itself from taking a conviction for adultery. (3) The case was tried and submitted on the theory, not that the information charged two separate and distinct offenses, one rape and the other adultery, but that adultery, as a lesser offense, was necessarily included in the greater offense of rape.

Even where a conviction can be had for a lesser offense under an indictment or information for a greater, such lesser offense nevertheless must be included in the greater by necessary averments. As is well stated in the case of *Kilkelly* v. *State*, 43 Wis. 604:

"The rule is, that where offenses are included one within another, a person indicted for a higher one may be convicted for one below, provided the averment in the indictment, in form, charges the lesser offense as well."

To that effect is, also, 1 Bishop, Criminal Law § 704. That is to say, as may be illustrated, second degree murder and manslaughter are lesser offenses necessarily included in the greater offense of first degree murder; but, under a charge of first degree murder to justify a conviction of any of the lesser offenses necessarily included, the information nevertheless must contain averments charging or including the lesser offenses as well.

Thus if adultery is a lesser offense necessarily included in the greater offense of rape, the added words of the district attorney in the information, "a married female person," may well be regarded as material. But holding, as we do, that adultery is not a lesser offense necessarily included in the greater offense of rape and that the language employed cannot and does not make adultery such an included offense, then the question is, Of what consequence or effect are such added words in the information? It is argued that because of them the information is rendered open to the objection of duplicity, not because adultery is an offense necessarily included in rape, but because there were two separate and distinct offenses charged. In that,

I think, the prevailing opinion runs counter to the case of *State* v. *Hooks*, supra, relied on, wherein that court said:

"The fact that the female is a married woman is wholly immaterial, and the words in the information alleging that she was a married woman are mere surplusage, and the defendant might have been convicted of the rape charged, if the evidence was sufficient, without proof of the fact of the marriage of the female upon whom the rape was committed. In an information charging a defendant with rape, there is no necessity for alleging that the female upon whom the offense was committed was married, and consequently there is no necessity for proving that fact on the trial."

And thus, inasmuch as the Wisconsin court did not regard that adultery was an offense necessarily included within the offense of rape, it was held that the words in the information, that the female was a married woman, did not permit a conviction for adultery. Of necessity, such ruling was based on the ground that a conviction for adultery would not be supported by the information. It is the general rule that to constitute duplicity the information must charge two or more separate and distinct offenses. 14 R. C. L. 194. The rule is sometimes stated that offenses, created by different statutes, or to which different penalties are annexed, may not be included in the same count, but the true reason for it is, not because the offenses arise under different statutes, or are differently punished, but because they are in reality different offenses. Ibidem. And so Bishop says (1 Bishop, Crim. Proc. 433 [3d. Ed.]) that duplicity in an indictment "is a joinder of two or more distinct offenses in one count."

What is meant by the terms separate and distinct, and, as some of the authorities say, independent offenses? They teach that to be duplicitous there must be joined in the same count different, separate, and distinct crimes committed at different times, and when it is but one act and fully completed at the same time, there can be no duplicity. *Waters* v. *People*, 104 Ill. 544; *Cornell* v. *State*, 104 Wis. 527, 80 N. W. 745. The rule is that no matters, however multifarious, will operate to make a count double, if they constitute but

one connected charge or transaction. 14 R. C. L. 197. In 31 C. J. 771, it is said that an indictment is not double because it charges several related acts, all of which enter into and constitute a single offense, although such acts may in themselves constitute distinct offenses, and although one of the offenses is a felony and the other a misdemeanor. In *Smith* v. *State*, 186 Ind. 252, 115 N. E. 943, it is held that though a count charged the defendant with the commission of two unlawful acts—driving at an excessive rate of speed and being intoxicated, violations of different and separate statutes—and though it was alleged that each contributed to the charged offense of involuntary manslaughter, nevertheless, the indictment was not bad for duplicity. So far as the subject of duplicity is concerned, the same rule of pleading applies in criminal as in civil cases, except it is more stringently applied in the former than in the latter. Notes to *Ben* v. *State*, 58 Am. Dec. 239; *State* v. *McNay*, 100 Md. 622, 60 A. 273. And, to a large extent, the vice of duplicity rests on repugnancy and involves inconsistent matters of substance in the same count or pleading. 21 R. C. L. 454.

It is quite clear to me that, since in the information it was alleged that the defendant was held to answer "this charge," and was accused by the information "with a felony, to wit, rape," and since we hold, as we do that adultery is not an offense included within that of rape, and since the alleged carnal knowledge of the female is the same act as, and in no particular different from, that alleged in the information as having been committed by the defendant by force and violence, ravishing the prosecutrix and carnally knowing her without her consent and against her will, that the alleged carnal knowledge is in no way different, separate, or distinct, or independent of the charged offense of rape. The charged act of carnal knowledge is charged in connection with and is related to the offense of rape, and not as related to or in connection with any other offense; nor is the information, nor are the allegations therein contained, in any respect repugnant to or inconsistent with itself or themselves. But one event, one act, one circum-

stance, one transaction, one time, one place is characterized in the information. The allegation that the female was a married woman in no sense is repugnant to or inconsistent with the charged offense that the defendant ravished her. Suppose it were alleged that the defendant, a married man, with force and violence and against her will, and without her consent, ravished and carnally knew a female, could it be said that the defendant by one act committed and was charged with two separate and distinct offenses, one rape and the other adultery? or, if it be alleged that the defendant, a married man, ravished, etc., and carnally knew a female relative by force and violence and without her consent, that he by the same act of carnal knowledge committed, and was charged with three separate and distinct offenses, rape, adultery, and incest? Surely, fundamentals of pleading are not as elastic as that.

However, it is argued that if the defendant did not with force and violence, but with the will and consent of the prosecutrix, carnally know her he committed adultery. The argument but goes to the point of whether adultery is an offense necessarily included in that of rape, but has no pertinency to the question of duplicity. When it is said in a charge of first degree murder that if it be found that the killing was not done with premeditation or deliberation, but was done with malice, etc., the accused may be convicted of second degree murder, and though done without malice, but under circumstances of a sudden heat of passion, etc., he may be convicted of manslaughter, that is so because second degree murder and manslaughter are necessarily included and not because the information was duplicitous, or that several distinct and separate offenses were charged therein. Thus, as I think, but one offense, that of rape, is charged in the information unless it be said that adultery within the meaning of the statute, is an offense included within that of rape, which we hold it is not.

Reference is made to the case of *State* v. *McDonald*, 14 Utah, 173, 46 P. 872. I think the case has no application to any matters under consideration. There the defendant was

indicted for an assault with intent to murder. He was convicted of an assault with a deadly weapon with intent to do bodily harm. The disposition of the case did not turn on questions of whether the offense of which the accused was convicted was necessarily included in the charged offense of assault with intent to murder, or of the duplicitous character of the indictment. There was no claim made of duplicity, nor does the opinion proceed on such theory. It was conceded or assumed that the offense of an assault with a deadly weapon with intent to do bodily harm was necessarily included in the offense of an assault with intent to murder, providing the information contained sufficient averments to characterize and describe both, which, as has been seen, is necessary in all included offenses. The point there made was that the indictment did not contain sufficient averments to characterize the offense of an assault with a deadly weapon with intent to do bodily harm. In such respect it was contended that the statute provided that "every person who with intent, to do bodily harm, and without just cause or excuse, or when no considerable provocation appears," commits an assault upon the person of another with a deadly weapon, etc., is punishable. Then in line with *People* v. *Fairbanks*, 7 Utah, 3, 24 P. 538, it was urged by the defendant that, to properly charge an offense of an assault with a deadly weapon with intent to do bodily harm, it was necessary in the information or indictment to negative the exception or allege that the assault was made "without just cause or excuse," and that "no considerable provocation" appeared, and that the information contained no such negation or averments, and for such reason, it was contended, the defendant could not properly be convicted of an assault with a deadly weapon with intent to do bodily harm. The opinion proceeded on the theory that such negation or averments were necessary, but held that the allegations in the indictment that the assault was unlawful and made with intent to murder excluded the existence of just cause or excuse or provocation as clearly as express allegations or averments that the assault

was without just cause or excuse and without provocation. In other words, the court held that the words, "without just cause, or excuse, or when no considerable provocation appears," were by other averments in the indictment negatived to the same extent as though it had been expressly averred that the assault was made "without just cause, or excuse, or when no considerable provocation appeared." The court dealt with the question before it on the assumption that the offense, of which the defendant was convicted, was necessarily included in that charged, providing the information contained sufficient averments to properly describe both, and no contention was made to the contrary, but held against the defendant that the information was lacking in such particular. The court thus had not before it any question and considered none as to a duplicitous character of the indictment, or as to whether two separate and distinct offenses were stated therein. In *State* v. *Williamson*, 22 Utah, 248, 62 P. 1022, 83 Am. St. Rep. 780, the same court expressly stated that *People* v. *Fairbanks*, supra, was not overruled by *State* v. *McDonald*, supra, and that in the latter it was but held that killing with malice aforethought meant murder, and that the definition of murder excluded the idea of any just cause or excuse for the killing or of any provocation. I think it clear that the McDonald Case in no particular aids the state as to any contention here made by it.

Thus, I am of the opinion that there was but one offense, that of rape, charged in the information, unless it be said that adultery, within the meaning of the statute, is an included offense within that of rape and that the word "married" in the information is, as was held by the Wisconsin and other courts, mere surplusage or an unnecessary description or characterization of the female ravished. Certain it is that it is just as much of an offense to ravish a married woman as an unmarried one. In 31 C. J. 747, it is said that:

"'Surplusage' is defined to be any allegation without which the pleading would remain adequate in law. Matter which may be omitted

from the indictment without injury to the sense or detriment to the material averments may, in general, be regarded as surplusage."

By disregarding the word "married" in the information, the material allegations in the information charging the offense of rape are in no particular affected. When it is uncertain whether an indictment or information is open to the charge of duplicity, or whether averments therein are merely unnecessary or nonessential, courts, in upholding indictments and informations, are inclined to treat such words or averments as surplusage, if after the rejection of the surplusage enough remains to constitute a valid charge and the indictment or information is complete without it.

Now, as to the subject of election. After the jury was impaneled and the state called a witness, counsel for defendant urged that the information, by alleging that the female on whom the crime was committed was married, enlarged upon the complaint before the magistrate, claimed that thereby two offenses, adultery and rape, were charged in the information, and demanded that the state elect whether it would proceed on the charge of rape or adultery, stating, in such particular, that if the state elected to proceed with the charge of rape defendant was ready for trial, but if it elected to try the defendant for adultery he objected on the ground that no preliminary examination was had for that offense. The district attorney stated that he inserted the word "married" in the information for the reason that he was informed that it appeared in the testimony given at the preliminary hearing that the female was married, and thus alleged such fact in the information, and claimed that, inasmuch as such fact appeared in the testimony before the magistrate, the defendant had knowledge thereof, and hence it was unnecessary that any further preliminary examination be had. So far, let it be conceded, both counsel misspoke themselves. Colloquies were thereupon had between counsel and the court as to whether adultery is an offense necessarily included in rape, the district attorney contending that it is, and counsel for defendant that it is

not, and the court expressing some doubt in the matter. Finally, the court addressing the district attorney, said:

"I think you may proceed with your case against the defendant on the charge of rape. I understand that is your position."

"District Attorney: That is our position.

"Court: The court will reserve the question as to whether adultery is an included offense."

And when the jury was called back the court further stated:

"In pursuance of the motion made by counsel for the defendant, the court now understands the state elects to proceed on the charge of rape, reserving, however, the contention that the other offense is included, and with that understanding the state may proceed."

—and thus the case went on. If, as we hold, adultery is not an offense included in rape, and though the information charged two separate and distinct offenses, one rape and the other adultery, then, I think, it follows that the state by the election to try the defendant for rape thereby precluded itself from taking a verdict for the offense of adultery, for, if adultery was charged in the information as a separate and distinct offense, the election to proceed on rape withdrew the charge of adultery in the same manner as if nolle prosequi had been entered with regard thereto, or as if it had been quashed. 31 C. J. 792; 14 R. C. L. 198. It is no answer to this to say that the defendant's failure to specially demur to the information on the ground of duplicity waived all objections to the duplicitous character of the information. Though the information was duplicitous, and though a timely demurrer had been interposed on that ground and had been sustained, still, the state had the right to elect whether it would proceed on the charge of rape or adultery without the filing of a new information, but, of course, could not proceed on both offenses. 31 C. J. 789. Thus, when the state made an election, whether on motion of the defendant or on its own motion, the election worked a

dismissal as to the charge of adultery, unless, of course, the latter offense was necessarily included in the former, which, as we hold, is not the case.

And therein, further, lies error with respect to the submission of the case to the jury. The court, in paragraph 1, or "instruction 1" charged that, before the jury could convict the defendant of "the crime of rape as charged in the information," the evidence must show beyond a reasonable doubt: (1) That the defendant had carnal knowledge of or sexual intercourse with Shirley Goff; (2) that such intercourse was had on or about May 15, 1925; (3) that it was had at or near the highway etc., in Duchesne county; (4) that Shirley Goff was a married woman, not the wife of the defendant; (5) that the defendant feloniously made an assault on her, and did at the stated time and place "feloniously ravish and carnally know and accomplish with her an act of sexual intercourse, by force and violence and against her will and resistance;" and if the state failed to prove "each and all" of such "propositions," then it was the duty of the jury "to find the defendant not guilty of the crime of rape." Of course, no complaint is made of that charge. But the defendant requested the court to further charge that if the jury found that the defendant, without force or violence, but with her consent, carnally knew or had sexual intercourse with the prosecutrix, then the jury should acquit him. The court refused and charged:

"(2)  You are instructed, gentlemen of the jury, that there is included within the crime charged in the information the crime of adultery; and in this case if the evidence proves to your satisfaction, beyond a reasonable doubt, each and all of the propositions above mentioned and set out in instruction 1 and Nos. 1, 2, 3, and 4, but does not prove to your satisfaction and beyond a reasonable doubt proposition numbered 5 as set out in instruction 1, you should find the defendant guilty of the crime of adultery, as charged in the information. But if the state has failed to prove to your satisfaction and beyond a reasonable doubt each and all of the propositions above mentioned and set out in instruction 1 and numbered 1, 2, 3, and 4, then I charge you, gentlemen of the jury, that the defendant, Gordon Anderton, is not guilty of the crime of adultery, and you should so find.

"(3) You are instructed, gentlemen of the jury, that the crime of rape is a greater crime than that of adultery; and in this case if you are satisfied beyond a reasonable doubt, from the evidence, that the defendant is guilty of either rape or adultery, as charged in the information, but you are not satisfied as to which of said crimes he is guilty of, then I charge you, gentlemen of the jury, that it is your duty to find the defendant guilty of the lesser of said crimes, that is, of adultery, as charged in the information. But before you can find the defendant, Gordon Anderton, guilty of any crime, you must find to your satisfaction and beyond a reasonable doubt each and all of the elements necessary to constitute the completed crime, as defined in these instructions."

Exceptions were taken to such charge. It is apparent that the charge submitted the case to the jury on the theory that adultery is an offense necessarily included in rape. I do not see any other meaning which fairly may be given such charge. Holding, as we do, that adultery is not an offense included in rape, the charge gave the jury a wrong principle of law and is erroneous. If, on the other hand, it be contended that the charge did not state to the jury that adultery is an offense necessarily included in rape, but that adultery is a separate and distinct offense stated in the information because of the language therein contained, "a married female," then, because of the election, the court was not justified and erred in submitting the offense of adultery to the jury. So, on the assumption that the information charged two distinct offenses, rape and adultery, the election to proceed on rape, in effect, being a withdrawal or a dismissal of the offense of adultery, the verdict rendered by the jury convicting the defendant of that offense is not supported by the information.

Now, as to prejudice. Section 9231, Comp. Laws Utah 1917, that on appeal the court must give judgment "without regard to errors or defects which have not resulted in a miscarriage of justice," etc., is referred to.

In the case of *State* v. *Cluff*, 48 Utah, 102, 158 P. 701, we had occasion to consider and construe that section. We held that the quoted language in effect, meant no more than

section 4975 Comp. Laws Utah 1907 (of the former Code before it was amended), which provided that after hearing an appeal, the court must give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties." If to convict an accused of an offense without an information, or not within it, or not supported by it, or of an offense withdrawn or nolle prosequi, does not affect him in a substantial right and therefore is not prejudicial, then it is difficult to perceive what committed error would affect substantial rights of an accused and be prejudicial. Because of the death of the official reporter of the district court a transcript of the testimony had at the trial was not obtainable, and thus such testimony is not, nor is there any part of it, in the bill. However, in considering the question of prejudice, reference in the prevailing opinion is made to some language in a portion of paragraph 9 of the charge. The whole paragraph is:

"You are instructed that the defendant denies that he committed an assault of any kind upon the prosecuting witness. He admits that he had sexual intercourse with her at the time and place alleged, but insists that such intercourse was had with her consent, and not by force or against her will. If that be true, he cannot be found guilty of the crime of rape, as charged in the information, because rape, as I have said, is the carnal knowledge of or sexual intercourse with a woman by force and against her will. If sexual intercourse is obtained by milder means, or with the consent or silent submission of the female, it cannot constitute the crime of rape, in contemplation of law."

It is now said that, since the defendant did not take an exception to that charge, he acquiesced or assented to the statement of the court that the defendant had admitted he had sexual intercourse with the prosecutrix with her consent; and therefore the verdict was justified, and the defendant not prejudiced. By the defendant's plea of not guilty, every material allegation of the information was put in issue. By it all was denied and nothing admitted. What the court stated in the charge respecting the defendant's admission evidently had reference to some testimony

given by the defendant on the trial. I think we may not look at the charge to ascertain what the testimony was or what any witness testified to. It has always been my understanding that to judicially apprise us what the testimony was or what any witness testified to in a proceeding in a court below requires a bill or stipulation, and, as it seems to me, a departure therefrom will lead to mischievous consequences. Though the defendant gave such testimony, yet, if adultery is not an offense necessarily included in rape, and though the information charged two separate and distinct offenses, yet, when the election was made and the charge of adultery thereby withdrawn and dismissed, it is apparent that the latter offense was no longer triable in the cause, and that a verdict finding the defendant guilty of such offense is a nullity, as much so as though the defendant in the cause had testified or admitted that he stole sheep, and the jury on a submission of the case as to such offense had found him guilty of larceny.

I thus think prejudicial error was committed in submitting to the jury the offense of adultery, that the verdict has no support, that the judgment should be reversed, and, since the defendant was acquitted on the charge of rape and on the information could not be convicted of adultery, he should be discharged. *State* v. *Hooks,* supra.